UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE EDWARDS ANDREWS GROUP, INC.,

                Plaintiff,                07 Civ. 4607 (LTS)
                                                         ECF Case

    -against-

ADDRESSING SERVICES COMPANY, INC.

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**


                                Eric B. Fisher (EF-1209)
                                MORGENSTERN JACOBS & BLUE, LLC
                                885 Third Avenue
                                New York, New York 10022
                                Telephone: (212) 750-6776
                                Direct Facsimile:  (646) 349-2816
                                Email:  efisher@mjbllc.com

                                *Attorneys for Defendant*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

SUMMARY OF ALLEGATIONS IN THE COMPLAINT ............................................... 1

ARGUMENT ....................................................................................................................... 3

PLAINTIFF HAS FAILED TO STATE A CLAIM FOR UNJUST ENRICHMENT ....... 3

CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Barr Laboratories, Inc. v. Quantum Pharmics, Inc.*, 827 F. Supp. 111 (S.D.N.Y. 1993).. 4

*Bazak Intl. Corp. v. Tarrant Apparel Group*, 347 F. Supp. 2d 1 (S.D.N.Y. 2004) ........ 4, 5

*CBS Broadcasting, Inc. v. Jones*, 460 F. Supp. 2d 500 (S.D.N.Y. 2006) ........................... 4

*Heller v. Kurz*, 228 A.D.2d 263, 643 N.Y.S.2d 580 (1st Dept. 1996) ................................ 6

*National Casualty Co. v. Vigilant Ins. Co.,* 466 F. Supp. 2d 533 (S.D.N.Y. 2006) ........... 6

*Rizer v. Breen*, 2007 N.Y. Misc. LEXIS 801, 237 N.Y.L.J. 40
   (Sup. Ct. N.Y. County Jan. 29, 2007) .......................................................................... 4

*Sykes v. James*, 13 F.3d 515 (2d Cir. 1993) ....................................................................... 1

Defendant Addressing Services Company, Inc. ("Defendant" or "ASCO") respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Edwards Andrews Group, Inc.'s ("Plaintiff" or "EAG") claim for unjust enrichment.

## PRELIMINARY STATEMENT

In this action, EAG seeks a large "success fee" from ASCO for a transaction in which EAG played no role and rendered no services to ASCO. Those basic facts are not in dispute. They are plain from the face of the Complaint.

In an attempt to win this unearned prize, EAG asserts claims against ASCO for breach of contract and unjust enrichment. Although both claims lack merit, only the unjust enrichment claim is challenged in this motion to dismiss. ASCO's challenge to the breach of contract claim will have to await summary judgment, following the conclusion of discovery in this case.

With respect to unjust enrichment, EAG has not – and cannot – plead the requisite elements of the claim. Quite simply, as elaborated below, ASCO has not been unjustly enriched at EAG's expense because EAG did not provide any benefit or render any service to ASCO in connection with the transaction at issue. Accordingly, the unjust enrichment claim against ASCO should be dismissed.

## SUMMARY OF ALLEGATIONS IN THE COMPLAINT

In deciding this motion to dismiss, the court "must construe any well-pleaded factual allegations in the complaint in favor of the plaintiff." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Accordingly, this section of Defendant's memorandum of law

simply summarizes the allegations in the Complaint dated May 24, 2007 (the "Complaint") relevant to this motion without conceding their truth.

\*     \*     \*

According to the Complaint, on or about January 13, 2004, the parties executed two written agreements. Complaint ¶ 6. The second of these agreements, referred to in the Complaint as the Investment Banking Agreement, is at issue in this action. *Id.* ¶ 6.

Pursuant to the Investment Banking Agreement, EAG was allegedly retained as the "exclusive financial advisor in connection with all Extraordinary Transactions" involving ASCO. *Id.* ¶ 10. Extraordinary Transactions included, among other transactions, a sale of ASCO or its assets. *Id.* ¶ 12. As consideration for the services to be rendered by EAG under the Investment Banking Agreement, EAG was to be paid a success fee upon ASCO's successful completion of an Extraordinary Transaction. *Id.* The success fee was to be calculated based upon a percentage of the consideration received for the transaction. *Id.* ¶ 11.

In a letter dated October 10, 2005, EAG wrote to ASCO as follows:

> "Notwithstanding the fact that we are in a dispute over our Consulting Agreement, dated January 13, 2004, EAG is ready, willing and able to (i) provide financial and strategic advice and (ii) introduce the Company to potential acquirors and/or strategic or financial partners, if in fact you are considering an Extraordinary Transaction (as defined in the Investment Banking Agreement). I hope you choose to utilize EAG's expertise and contacts. Please be aware, however, that even if you choose not to let EAG assist ASCO, pursuant to our Investment Banking Agreement, ASCO and Michael Rittlinger will still be obligated to pay EAG a Success Fee (as defined therein) if ASCO consummates an extraordinary transaction."

*Id.* ¶ 15. EAG sent a substantially similar letter to ASCO on November 3, 2005. *Id.* ¶ 17.

2

EAG alleges that, during the term of the Investment Banking Agreement, ASCO entered into an Extraordinary Transaction with Blue Point Capital Partners ("Blue Point"), and that EAG is owed a success fee under the Investment Banking Agreement as a result of the Blue Point transaction. *Id.* ¶¶ 22-26. ASCO has not paid any fee to EAG. *Id.* ¶ 28.

EAG asserts two claims against ASCO: breach of contract and unjust enrichment. *Id.* ¶¶ 30-42. With regard to the unjust enrichment claim, which is the subject of this motion to dismiss, EAG does not allege that it rendered any services or provided any benefits to ASCO. Rather, the Complaint alleges that EAG gave written notice that it was "ready, willing and able" to render services to ASCO, notwithstanding the fact that EAG was then involved in bitter litigation against ASCO concerning another agreement. *Id.* ¶ 37. In fact, EAG acknowledges that ASCO did not "utilize EAG's proferred services." *Id.* ¶ 38. Notwithstanding that EAG did not render any services to ASCO, EAG claims that ASCO was unfairly enriched at the expense of EAG in an amount exceeding $400,000. *Id.* ¶¶ 41-42.

## ARGUMENT

## PLAINTIFF HAS FAILED TO STATE A CLAIM FOR UNJUST ENRICHMENT

The Investment Banking Agreement provides that it shall be "governed by and construed in accordance with the laws of the State of New York." Complaint, Exh. B, Section 8. Accordingly, this Court should evaluate EAG's claim for unjust enrichment under New York law.

To state a claim for unjust enrichment under New York law, the "plaintiff must allege (1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's

expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or [benefit] to the plaintiff." *Bazak Intl. Corp. v. Tarrant Apparel Group*, 347 F. Supp. 2d 1, 3 (S.D.N.Y. 2004) (quotations omitted) (granting motion to dismiss unjust enrichment claim). "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered…[and] [g]enerally, courts will look to see if a benefit has been conferred on the defendant under mistake of fact or law." *Rizer v. Breen*, 2007 N.Y. Misc. LEXIS 801, *67, 237 N.Y.L.J. 40 (Sup. Ct. N.Y. County Jan. 29, 2007) (quoting *Manufacturers Hanover Trust Co. v. Chemical Bank*, 160 A.D.2d 113, 117, 559 N.Y.S.2d 704 (1st Dept. 1990) (granting motion to dismiss unjust enrichment claim)); *see also Barr Laboratories, Inc. v. Quantum Pharmics, Inc.*, 827 F. Supp. 111, 119-20 (S.D.N.Y. 1993) (granting motion to dismiss unjust enrichment claim).

Under New York law, the "existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter." *CBS Broadcasting, Inc. v. Jones*, 460 F. Supp. 2d 500, 506 (S.D.N.Y. 2006) (citations and quotations omitted). "On the other hand, where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, [a party] may proceed upon a theory of quantum meruit and will not be required to elect his or her remedies." *Id.*

*Bazak Intl. Corp.* is an instructive case that involved a dispute between two companies in the clothing business. In that case, the Court ruled that plaintiff Bazak was

4

stuck in a "catch 22" that required dismissal of its claim for unjust enrichment. 347 F. Supp. 2d at 4. Essentially, Bazak alleged that it had rights in certain inventory under an alleged contract with defendant Tarrant. Tarrant sold that same inventory to a third-party, retaining the profits of the sale. Bazak sued Tarrant for breach of contract and unjust enrichment, claiming that Tarrant's profits from the sale rightfully belonged to Bazak. In dismissing the unjust enrichment claim, the district court reasoned:

> Bazak finds itself in a "catch 22" with this claim. If a valid enforceable contract existed between the parties, then Bazak cannot recover under a theory of unjust enrichment…However, if no valid contract was in place regarding the sale of the goods, Bazak has failed to state a claim for relief under the theory of unjust enrichment because, absent a contract, the benefit that Tarrant garnered from selling the merchandise was not at Bazak's expense. Without a valid, enforceable contract, Bazak had no interest at all in the merchandise in question, and therefore the profits resulting from the sale of the merchandise by Tarrant were not a thing of value that belonged to Bazak.

*Id.*

The logic of the *Bazak* decision applies with equally compelling force here, requiring dismissal of EAG's unjust enrichment claim. As is made clear from the allegations in the Complaint, EAG did not render any services to ASCO under the Investment Banking Agreement or otherwise confer any benefit on ASCO in connection with the alleged "Extraordinary Transaction" with Blue Point. EAG nonetheless claims that ASCO is obligated to pay EAG a cash success fee in excess of $400,000 under the Investment Banking Agreement. It is only if the Investment Banking Agreement is valid and enforceable, that EAG has any potential claim to any portion of the proceeds from the Extraordinary Transaction with Blue Point. Absent a valid and enforceable contract covering the transaction at issue, EAG cannot show that it has any entitlement to those

proceeds because it did not confer any benefit upon ASCO in connection with the transaction. However, if a valid and enforceable contract covering this transaction exists, quasi-contractual claims, such as EAG's claim for unjust enrichment, cannot be maintained. Thus, whether the contract is enforceable or not, the unjust enrichment claim must be dismissed. *See id.* at 5.

Further, with respect to the third element of a claim for unjust enrichment – that in equity and good conscience the defendant should have to make restitution to the plaintiff – courts have required that plaintiff must have performed services for the defendant. *See, e.g., National Casualty Co. v. Vigilant Ins. Co.,* 466 F. Supp. 2d 533, 540 (S.D.N.Y. 2006). In *Heller v. Kurz*, 228 A.D.2d 263, 643 N.Y.S.2d 580, 581 (1st Dept. 1996), for example, the court dismissed an unjust enrichment claim by a plaintiff seeking a brokerage commission on a stock transaction because the "facts pleaded in the complaint [were] insufficient to support the conclusion that [defendants'] enrichment was unjust." The plaintiff in *Heller* failed to "demonstrate that services were performed *for the defendant* resulting in its unjust enrichment." *Id.* at 582 (emphasis in original).

Here, as is plain from the face of the Complaint, EAG did not perform any services for ASCO. Accordingly, EAG's claim for unjust enrichment should be dismissed for failure to state a claim.

## **CONCLUSION**

For the reasons set forth above, ASCO respectfully requests that this Court enter an order dismissing EAG's unjust enrichment claim and granting such other relief as the Court deems proper.

Dated: New York, New York
       July 13, 2007

                          MORGENSTERN JACOBS & BLUE, LLC

                          By: /s/ Eric B. Fisher
                              Eric B. Fisher (EF-1209)
                              885 Third Avenue
                              New York, New York 10022
                              Telephone: (212) 750-6776
                              Direct Facsimile: (646) 349-2816
                              efisher@mjbllc.com

                          *Attorneys for Defendant*