# EXHIBIT A

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

MARSHALL E. BERNSTEIN
CHRISTINE H. BLACK
DAVID M. BLUMENTHAL *
AVRON I. BROG
NICHOLAS R. CAPUTO *
JOHN D. D'ERCOLE
FELICIA S. ENNIS *
SHARI J. FAGEN *
HARVEY FELDSCHREIBER
NEAL I. GANTCHER
MARSHALL J. GLUCK
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER °
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS **
ROBERT R. LEINWAND
BABCOCK MACLEAN

ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND ***
JEROME H. RETTIG
FRED B. RINGEL *
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
LORI SCHWARTZ
ERACH F. SCREWVALA
PHILIP T. SIMPSON
SCOTT A. STEINBERG ∞
RICHARD M. TICKTIN
PHILIP H. THOMAS

212-603-6300

FAX 212-956-2164

COUNSEL
DAVID C. BURGER
ROBERT B. GLUCKMAN
DONALD M. KLEIN *
LEE PERSHAN
RUSSELL P. McRORY
THOMAS McG. SANFORD
ROBERT M. SASLOFF
LEON SCHEKTER

ANTHONY S. GENOVESE
(1935-2005)

*    NY AND NJ BARS
**   NY AND D.C. BARS
***  NY AND CONNECTICUT BARS
°    NY AND TENNESSEE BARS
∞    NY AND FLORIDA BARS

Eric B. Fisher, Esq.
Morgenstern Jacobs & Blue, LLC
885 Third Avenue
New York, NY 10022

    Re:  **The Edward Andrews Group v. Addressing Services Co.**,
        07 CV 4607 (LTS)

Dear Eric:

  In compliance with Judge Swain's Rules, this letter responds to your letter to me, dated July 18, and relates to our telephone conversation last Friday.

  Your assessment of this litigation appears to be based on at least two major misconceptions.

  First, you have suggested that the consideration for the payment of any fee under the investment banking agreement is limited to the performance of services pursuant to that agreement. Please note that paragraph 3 of the investment banking agreement specifically notes that: "The parties entered into this Engagement Letter as part of a settlement and simultaneously with the Consulting Agreement, between the Company and EAG, dated January 15, 2004." The claims given up as part of that settlement thus serve as consideration for the investment banking agreement just as they did for the consulting agreement.

  Second, you have incorrectly asserted that no services were performed pursuant to the investment banking agreement. Documentary evidence and my client's testimony will establish that services were most certainly provided under the investment banking agreement. By way of example only, and without restricting the documents and/or other evidence that may subsequently be provided in discovery, please find enclosed several e-mail messages reflecting services provided pursuant to the investment banking agreement.

  Your motion is not well-founded. Moreover, motions for partial summary

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

judgment are generally not favored, particularly when the cause of action subject to the motion is plead in the alternative to the remaining cause of action. I gather that you sought some strategic advantage by hoping to get a quick adjudication that no services were provided under the investment banking agreement, which you could then use to support summary judgment on the breach of contract claim. That strategy won't work because services were provided, and the investment banking agreement expressly states that it was entered into as part of the overall settlement of various claims.

I urge you to very seriously reconsider your position. Under the circumstances, I believe that the only proper course of action would be for you to forgo any motion at this time and then, after completion of any appropriate discovery, either party may file any motion that is supported by the evidence.

Respectfully submitted,

David C. Burger