UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE EDWARD ANDREWS GROUP INC.,          :
                                                                            07 Civ. 4607 (LTS)
                          Plaintiff,           :

              -against-                                    :

ADDRESSING SERVICES COMPANY, INC.,   :

                        Defendant.         :
------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S CLAIM FOR UNJUST
ENRICHMENT AND IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**PRELIMINARY STATEMENT**

Defendant Addressing Services Company, Inc. ("ASCO") has filed an answer to the complaint ("Complaint") of plaintiff The Edward Andrews Group Inc. ("EAG"), but ASCO has also moved to dismiss only one of the two claims stated in the Complaint. EAG's first claim, for breach of a written investment banking agreement ("Investment Banking Agreement"), is not subject to ASCO's motion to dismiss. In ASCO's answer to the Complaint, ASCO alleges that the Investment Banking Agreement is not an enforceable agreement, but does not offer any explanation to support that defense. EAG's second claim, for unjust enrichment, is the subject of ASCO's motion to dismiss.

ASCO's motion is based on the argument that: "EAG did not perform any services for ASCO." ASCO moving memorandum of law, at p. 6. ASCO's motion was initially terminated for failure to comply with this Court's Individual Practice Rule 2(B).

Thereafter, counsel for the parties conferred and EAG's counsel directed the attention of ASCO's counsel to facts establishing that: (a) the Investment Banking Agreement, on its face, states that it was executed as part of a settlement which related to services performed for the benefit of ASCO; and (b) the Complaint alleged that services were performed by EAG with respect to the Investment Banking Agreement, and written communications exist to support the performance of those services. See Exhibit A attached to the accompanying affidavit of David C. Burger, sworn to on September 10, 2007 ("Burger Affidavit").

ASCO's counsel then moved to reinstate its original motion papers notwithstanding the fact that ASCO's counsel was unquestionably on notice that those motion papers were based on the false premise that EAG did not perform any services for ASCO. ASCO's motion should be denied.

In the event, however, that this Court were to find that the allegations of the Complaint are insufficient, EAG moves for leave to file the proposed amended complaint attached as Exhibit B to the accompanying Burger Affidavit.

## STATEMENT OF FACTS

EAG and ASCO entered into two written agreements as part of a settlement ("Settlement") of certain disputed claims and in consideration of other services that had been provided by EAG for the benefit of ASCO. Those two agreements are attached to the Complaint. Exhibit A is a consulting agreement, dated January 13, 2004, which states that it was entered into in consideration of the following:

> "WHEREAS, [EAG] introduced to ASCO a
> potential opportunity (the 'Business Opportunity')
> to expand its current business into first party
> collection and mailing services, including certain

2

> individuals to implement such expansion, and [EAG] was to be a principal in such activities, and is now willing to forgo same; and
>
> "WHEREAS, [ASCO] has consulted with [EAG] on various matters pertaining to expanding the operation of its business as it relates to first party collection and statement processing, all related to the mail industry; and
>
> "WHEREAS, [ASCO] desires to compensate [EAG] for its valuable and beneficial services provided to [ASCO] up to the date hereof, over a five (5) year period for services already provided and completed and to resolve the dispute over [EAG's] rights to participate in the Business Opportunity."

Exhibit A to the Complaint, at p.1.

Exhibit B to the Complaint is the Investment Banking Agreement, also dated January 13, 2004. Under the Investment Banking Agreement, ASCO engaged EAG as its "exclusive financial advisor in connection with all Extraordinary Transactions involving [ASCO], including activities and transactions related to the Assignment." The "Assignment is defined in the Investment Banking Agreement as "(i) providing financial and strategic advice and (ii) introducing [ASCO] to potential acquirors and/or strategic or financial partners." Exhibit B to the Complaint at p.1. The Investment Banking Agreement also states that it was entered into as part of the Settlement:

> "The parties entered into this [Investment Banking Agreement] as part of a settlement and simultaneously with the Consulting Agreement, between [ASCO] and EAG, dated January 13, 2004."

Id., at p. 2, ¶ 3.

The Complaint alleges that ASCO entered into an Extraordinary Transaction, as defined in the Investment Banking Agreement, within the time period covered by that Agreement. The Complaint also alleges that ASCO owes EAG a fee pursuant to the Investment Banking Agreement and alleges that: "EAG has performed, and/or has proffered its performance of, all of its obligations under the Investment Banking Agreement." Complaint, at ¶¶ 10-33.

After ASCO's motion was initially terminated for failure to comply with this Court's Individual Practice Rule 2(B), EAG's counsel sent a letter to EAG's counsel noting that:

> (a) the Investment Banking Agreement, on its face, states that it was executed as part of a settlement which: (i) resolved EAG's disputed rights concerning services performed for the benefit of ASCO; and (ii) compensated EAG for other services performed by EAG for the benefit of ASCO; and
>
> (b) the complaint alleged that services were performed by EAG with respect to the Investment Banking Agreement, and written communications exist to support the performance of those services.

See Exhibit A to the accompanying Burger Affidavit.

In the event that this Court were to find that the allegations of the Complaint are insufficient, EAG moves for leave to file the proposed amended complaint attached as Exhibit B to the accompanying Burger Affidavit. The proposed amendments further clarify that the Investment Banking Agreement was part of the Settlement, which was based on services provided by EAG for the benefit of ASCO, and which provided

4

consideration for the terms of the Investment Banking Agreement. See ¶¶ 7-11 and 43. The proposed amendments further clarify that services were provided pursuant to the terms of the Investment Banking Agreement, and exhibits are attached to the amended complaint consisting of email messages reflecting, in part, those services. See ¶¶ 18, 36 and 45. The proposed amendments also clarify that ASCO has challenged the enforceability of the Investment Banking Agreement, and EAG states a claim in the alternative for unjust enrichment. See ¶¶ 40-42.

## ARGUMENT

### I

### ASCO'S MOTION TO DISMISS SHOULD BE DENIED

In ruling on ASCO's motion to dismiss, this Court must accept as true all well-pleaded assertions of fact alleged in the Complaint. See, e.g., Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). EAG's claim for unjust enrichment may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957). In deciding ASCO's motion, this Court determines the legal feasibility of the Complaint, but does not weigh the sufficiency of the evidence or resolve the merits of any issues that may be presented. Ryder v. Energy Distr. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).

ASCO acknowledges that the standard for stating an unjust enrichment claim is: "(1) that the defendant was enriched; (2) that the enrichment was at the

plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or [benefit] to the plaintiff." ASCO memo of law, at pp. 3-4, citing Bazak Int'l Corp. v. Tarrant Apparel Group, 347 F.Supp.2d 1, 3 (S.D.N.Y. 2004). ASCO argues that EAG's claim for unjust enrichment should be dismissed based on the false claim that EAG allegedly failed to provide any services to ASCO.

The Complaint alleges that ASCO owes EAG a fee pursuant to the Investment Banking Agreement and alleges that: "EAG has performed, and/or has proffered its performance of, all of its obligations under the Investment Banking Agreement." Complaint, at ¶¶ 10-33. The proposed amended complaint further clarifies that services were provided by EAG to ASCO pursuant to the Investment Banking Agreement and attached emails reflecting, in part, the provision of those services. The Investment Banking, on its face, also establishes that it was entered into as part of the Settlement, which was based on services provided by EAG for the benefit of ASCO, and which provided consideration for the terms of the Investment Banking Agreement.

ASCO heavily relies on the decision in Bazak Int'l Corp. v. Tarrant Apparel Group, 347 F.Supp.2d 1 (S.D.N.Y. 2004), which is readily distinguished. In Bazak, the plaintiff relied on certain correspondence to assert that he had a contract to purchase approximately 900,000 pairs of jeans. The seller, however, sold the jeans to someone else. The plaintiff's complaint included claims for breach of contract and unjust enrichment. The defendant moved to dismiss only the claim for unjust enrichment. The only basis for the unjust enrichment claim was the plaintiff's argument that he believed he owned the jeans and expected to profit from their resale, and therefore the sale of

those jeans to someone else was at the plaintiff's expense. In other words, the plaintiff was making a creative claim for lost profits where the plaintiff's only connection to the jeans was his alleged contract to purchase the jeans. In the absence of an enforceable contract, the Court held that the facts did not support a claim for unjust enrichment.

In the instant action, by contrast, EAG was retained as ASCO's "exclusive financial advisor in connection with all Extraordinary Transactions involving [ASCO], including activities and transaction related to the Assignment," with the "Assignment" being defined as: "(i) providing financial and strategic advice and (ii) introducing [ASCO] to potential acquirors and/or strategic or financial partners." See Investment Banking Agreement, attached as Exhibit B to the Complaint, at p. 1. As alleged in the Complaint, and further clarified in the proposed amended complaint, EAG provided services to ASCO pursuant to the Investment Banking Agreement. Moreover, the Investment Banking Agreement, including the terms for payment of any fee thereunder, were entered into as part of the Settlement, which was based on services provided by EAG for the benefit of ASCO.

EAG was not a stranger to ASCO hoping to buy some jeans and sell them at a profit. EAG had provided consulting services to ASCO for a five year period prior to the execution of the Investment Banking Agreement, including introducing ASCO to a business opportunity in which EAG was to be a principal. EAG settled its claims with respect to that business opportunity and those services by entering into the Investment Banking Agreement and the consulting agreement, and thereafter EAG continued to provide services to ASCO pursuant to the Investment Banking Agreement.

ASCO then surreptitiously entered into an Extraordinary Transaction but did not bother to inform EAG, and refused to pay EAG the fee due under the Investment Banking Agreement. These facts amply satisfy EAG's burden to plead that, in equity and good conscience, ASCO should be held liable on EAG's claim for unjust enrichment.

ASCO cites <u>CBS Broadcasting, Inc. v. Jones</u>, 460 F.Supp.2d 500, 506 (S.D.N.Y. 2006), for the proposition that the existence of a valid and enforceable contract generally precludes recovery in quasi-contract or unjust enrichment, except "where there is a bona fide dispute in issue, [a party] may proceed upon a theory of quantum meruit and will not be required to elect his or her remedies." ASCO's answer to the Complaint asserted an affirmative defense that the Investment Banking Agreement is not enforceable. Accordingly, under <u>CBS</u>, EAG is plainly entitled to allege, in the alternative, a claim for unjust enrichment. The proposed amended complaint further clarifies that the unjust enrichment claim is plead in the alternative with respect to ASCO's assertion that the Investment Banking Agreement is unenforceable. <u>See</u> proposed amended complaint, at ¶¶ 40-42

## II

### EAG'S MOTION FOR LEAVE TO FILE THE PROPOSED AMENDED COMPLAINT SHOULD BE GRANTED

Rule 15 of the Federal Rules of Civil Procedure provides, <u>inter alia</u>, that "leave [to amend a party's pleading] shall be freely given when justice so requires." Leave to amend should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. <u>See, e.g.</u>, <u>Milanese v. Rust-Oleum Corp.</u>, 244 F.3d 104, 110 (2d Cir. 2001).

ASCO cannot properly claim any undue delay, bad faith, prejudice or futility with respect to EAG's motion for leave to file the proposed amended complaint. Accordingly, EAG's motion should be granted.

## CONCLUSION

For all of the reasons stated above and in the accompanying Burger Affidavit, ASCO's motion to dismiss EAG's claim for unjust enrichment should be denied, and EAG's motion for leave to file the proposed amended complaint should be granted.

Dated: September 11, 2007

        ROBINSON BROG LEINWAND GREENE
        GENOVESE & GLUCK P.C.

        By: _____
         David C. Burger (DB-8666)
        1345 Avenue of the Americas
        New York, New York 10105
        (212) 603-6361
        **Attorneys for Plaintiff**