UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE EDWARD ANDREWS GROUP, INC.,

                Plaintiff,                07 Civ. 4607 (LTS)
                                                       ECF Case

    -against-

ADDRESSING SERVICES COMPANY, INC.

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS AND IN
<u>OPPOSITION TO MOTION FOR LEAVE TO AMEND THE COMPLAINT</u>**


                                Eric B. Fisher (EF-1209)
                                Morgenstern Jacobs & Blue, LLC
                                885 Third Avenue
                                New York, New York 10022
                                Telephone: (212) 750-6776
                                Direct Facsimile:  (646) 349-2816
                                Email:  efisher@mjbllc.com

                                *Attorneys for Defendant*

Defendant ASCO[1] respectfully submits this reply memorandum of law in further support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss EAG's claim for unjust enrichment and in opposition to EAG's motion for leave to amend its complaint.

## PRELIMINARY STATEMENT

Neither the complaint filed by EAG nor the proposed amended complaint alleges that ASCO was actually enriched by any services supposedly rendered by EAG. EAG alleges that ASCO was "unjustly enriched" by the Blue Point transaction. However, EAG has not contradicted ASCO's most fundamental assertion in support of its motion to dismiss: ***EAG played no role whatsoever in the Blue Point transaction and conferred no benefit upon ASCO in connection with that transaction.*** Even crediting EAG's spurious allegations in the proposed amended complaint for purposes of this motion, there simply is no allegation that rebuts this basic fact. Thus, EAG's complaint and its proposed amended complaint fail to state a claim for unjust enrichment, and that claim should be dismissed. Dismissal should be with prejudice because, as demonstrated by EAG's proposed amended complaint, no amount of repleading can cure the fundamental defect with EAG's unjust enrichment claim.

## ARGUMENT

### THE COMPLAINT AND THE PROPOSED AMENDED COMPLAINT FAIL TO STATE A CLAIM FOR UNJUST ENRICHMENT

There is no dispute between the parties concerning the elements of an unjust enrichment claim under New York law: "plaintiff must allege (1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return

---

[1] Terms not otherwise defined herein shall have the meanings set forth in Defendant's Memorandum of Law in Support of Motion to Dismiss dated July 13, 2007.

1

the money or [benefit] to the plaintiff." *Bazak Intl. Corp. v. Tarrant Apparel Group*, 347 F. Supp. 2d 1, 3 (S.D.N.Y. 2004); *see also Rizer v. Breen*, 2007 N.Y. Misc. LEXIS 801, *67, 237 N.Y.L.J. 40 (Sup. Ct. N.Y. County Jan. 29, 2007); *Barr Laboratories, Inc. v. Quantum Pharmics, Inc.*, 827 F. Supp. 111, 119-20 (S.D.N.Y. 1993). Here, both the complaint and the proposed amendment complaint fail to allege that ASCO was enriched as a result of any services purportedly rendered by EAG. No amount of repleading can cure this defect because it is undisputed that EAG played no part in the transaction that "enriched" ASCO.

EAG fails to address the core holding of *Bazak Intl. Corp. Bazak* teaches that a claim for unjust enrichment cannot be pursued – even "in the alternative" – where the defendant has not been enriched by plaintiff. In this action, EAG seeks to secure a windfall from a transaction to which it is a stranger. Whether or not EAG will succeed in that endeavor should turn exclusively on whether it can prove its breach of contract claim. EAG cannot assert the equitable claim of unjust enrichment because EAG was not involved in any way in conferring the benefits of the Blue Point transaction upon ASCO.[2] In sum, whether the contract at issue in the complaint is enforceable or not, the unjust enrichment claim must be dismissed. *See Bazak*, 347 F. Supp. 2d at 5.

According to EAG, the proposed amended complaint is an effort to "clarify that services were provided pursuant to the terms of the Investment Banking Agreement." EAG Mem. at 5. In particular, EAG refers this Court to paragraphs 18, 36 and 45 of the proposed amended complaint. In each of those paragraphs, EAG alleges in conclusory

---

2   "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (quotations and citations omitted).

fashion that it performed services "for the benefit of" ASCO.  ASCO's point in response is subtle, but of the utmost importance:  EAG *never* alleges that its supposed services conferred any actual benefit upon ASCO.  As alleged in the complaint and the proposed amended complaint, ASCO was enriched by the Blue Point transaction (*see* Proposed Amended Complaint ¶ 50) – not by any supposed services rendered by EAG.

In the proposed amended complaint, without any explanation of what purported services were rendered to ASCO, EAG attaches several emails that supposedly evidence services rendered to ASCO.  On their face, however, these documents do not support the unjust enrichment claim.[3]  In particular, none of the five unidentified emails attached as Exhibit C concern the Blue Point transaction.  Indeed, even going beyond the Blue Point transaction, none of the five emails suggests that EAG ever conferred any tangible benefit upon ASCO.

Rather than display candor and concede that EAG did not enrich ASCO, EAG attempts to defeat ASCO's motion to dismiss with a proposed amended pleading that is bulked up with emails that have no relevance to the question of whether EAG rendered services that conferred a tangible benefit upon ASCO.[4]  Accordingly, the proposed amended pleading does not appear to be a good faith effort to address the fatal deficiency of the unjust enrichment claim.  In any event, because the proposed amendment does nothing to cure the pleading defect identified in ASCO's motion to dismiss, it is futile.  Its futility is apparent on its face and not contingent on any fact-finding by this Court.

---

3   Documents attached to the proposed amended complaint may be considered by this Court in connection with ASCO's motion.  *Yung v. Lee*, 432 142, 146 (2d Cir. 2005).

4   Counsel for ASCO raised this precise issue with counsel for EAG to no avail *after* EAG filed its motion for leave to amend.  Contrary to the certification contained in EAG's notice of motion, EAG's counsel did not communicate with ASCO's counsel about the motion for leave to amend before filing the motion.

3

Leave to amend should, therefore, be denied. *Milano v. Astrue*, 2007 U.S. Dist. LEXIS 67840, at *12-*15 (S.D.N.Y. Sept. 10, 2007) (denying leave to amend because proposed amendment could not withstand motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

## CONCLUSION

For the reasons set forth above, ASCO respectfully requests that this Court enter an order dismissing EAG's unjust enrichment claim, denying EAG's motion for leave to file an amended complaint, and granting such other relief as the Court deems proper.

Dated: New York, New York
September 25, 2007

MORGENSTERN JACOBS & BLUE, LLC

By: /s/ Eric B. Fisher
    Eric B. Fisher (EF-1209)
    885 Third Avenue
    New York, New York 10022
    Telephone: (212) 750-6776
    Direct Facsimile: (646) 349-2816
    efisher@mjbllc.com

*Attorneys for Defendant*