UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE EDWARD ANDREWS GROUP INC.,        :
                                                                                                      07 Civ. 4607 (LTS)
                        Plaintiff,        :

                      -against-        :

ADDRESSING SERVICES COMPANY, INC.,    :

                        Defendant.       :
------------------------------------------------------------X

### PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

ASCO's opposition to EAG's motion for leave to file the proposed amended complaint rests on a distinction without a difference, and an attempt to rewrite the terms of the Investment Banking Agreement.

EAG was retained as ASCO's "exclusive financial advisor in connection with all Extraordinary Transactions involving [ASCO], including activities and transactions related to the Assignment," with the "Assignment" being defined as: "(i) providing financial and strategic advice and (ii) introducing [ASCO] to potential acquirors and/or strategic or financial partners." See Investment Banking Agreement, attached as Exhibit B to the Complaint, at p. 1. The Investment Banking Agreement, including the terms for payment of any fee thereunder, were entered into as part of the Settlement, which was based on services provided by EAG for the benefit of ASCO. See Proposed Amended Complaint, at ¶¶ 7-11. As alleged in the Complaint, and further

clarified in the proposed amended complaint, EAG provided services for the benefit of ASCO. See Proposed Amended Complaint, at ¶¶ 18, 36, 43-45.

ASCO claims a distinction between EAG's performance of services "for the benefit of ASCO," and EAG conferring an actual benefit on ASCO. This is a distinction without a difference, particularly at this early stage of this action when the allegations of the complaint must be accepted as true. Even if ASCO had submitted affidavits asserting that EAG's services were of no benefit to ASCO – and, of course, no such affidavits have been submitted – a question of fact would exist as to what benefit, if any, was derived from EAG's services.

ASCO makes a simplistic argument that EAG's financial and strategic advice could not have been of any benefit to ASCO if EAG was not directly involved in the transaction with Blue Point. ASCO overlooks at least two points: (a) ASCO chose to exclude EAG from having any role in the Blue Point transaction, despite the fact that EAG was ready, willing and able to provide advice with respect to that transaction; (b) the Investment Banking Agreement appoints EAG as the exclusive financial advisor to ASCO with respect to Extraordinary Transactions, and provides that a Success Fee is due to EAG within certain time periods if ASCO enters into an Extraordinary Transaction with any party. ASCO has thus far refused to reveal any details of the Blue Point transaction to EAG, and therefore EAG requires discovery to determine exactly how EAG's prior financial and strategic advice affected the Blue Point transaction. However, the Investment Banking Agreement requires the payment of a Success Fee to EAG during certain periods of time whenever ASCO enters into an Extraordinary Transaction with

2

any party, regardless of the degree to which EAG was or was not involved in that precise transaction.

In opposing EAG's motion for leave to file the proposed amended complaint, ASCO is requesting that this Court rule – as a matter of law – and without the benefit of any factual record – that: (a) any services provided by EAG to ASCO were of no actual benefit to ASCO; and (b) that the terms of the Investment Banking Agreement should be completely rewritten to provide that no Success Fee can be paid unless EAG was directly involved in the Extraordinary Transaction giving rise to the Success Fee, when in fact the Investment Banking Agreement contains no such restriction.

ASCO's position does not comport with its obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

For all of the reasons stated above and in EAG's previous motion papers, EAG's motion for leave to file the proposed amended complaint should be granted.

Dated: October 2, 2007

                                              ROBINSON BROG LEINWAND GREENE
                                              GENOVESE & GLUCK P.C.

                                              By: _____
                                                David C. Burger (DB-8666)
                                            1345 Avenue of the Americas
                                            New York, New York 10105
                                            (212) 603-6361
                                            **Attorneys for Plaintiff**