Eric B. Fisher (EF-1209)
MORGENSTERN JACOBS & BLUE, LLC
885 Third Avenue
New York, New York 10022
Telephone: (212) 750-6776
Direct Facsimile:  (646) 349-2816
Email:  efisher@mjbllc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE EDWARD ANDREWS GROUP, INC.,

        Plaintiff,                     07 Civ. 4607 (LTS)(AJP)

   -against-                            ECF Case

ADDRESSING SERVICES COMPANY, INC.    **ANSWER TO**
                                                                               **AMENDED COMPLAINT**

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendant Addressing Services Company, Inc. ("Defendant"), by and through its counsel Morgenstern Jacobs & Blue, LLC, answers the Amended Complaint (the "Amended Complaint") filed by the Edward Andrews Group Inc. ("Plaintiff"), as follows:

## THE PARTIES

    1.    Defendant admits the allegations in paragraph 1 of the Amended Complaint.

    2.    Defendant admits the allegations in paragraph 2 of the Amended Complaint.

**JURISDICTION AND VENUE**

3.     Paragraph 3 contains legal conclusions as to which no response is required. Defendant admits that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.     Paragraph 4 contains legal conclusions as to which no response is required.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

5.     Defendant admits the allegations in paragraph 5.

6.     Defendant denies that the financial advisor agreement dated January 13, 2004 ("Investment Banking Agreement") is an enforceable agreement, but otherwise admits the allegations in paragraph 6.

7.     Defendant admits that paragraph 7 accurately quotes the excerpted portion of the Investment Banking Agreement, but otherwise denies that the Investment Banking Agreement is an enforceable agreement.

8.     Defendant denies the allegations in paragraph 8.

9.     Defendant denies the allegations in paragraph 9.

10.    Defendant denies the allegations in paragraph 10 and respectfully refers the Court to the Consulting Agreement with regard to the "whereas" clauses contained therein.

11.    Defendant denies the allegations in paragraph 11.

12.    Defendant admits the allegations in paragraph 12.

13.    Defendant admits the allegations in paragraph 13.

14. Defendant admits that paragraph 14 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

15. Defendant admits that paragraph 15 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

16. Defendant admits that paragraph 16 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

17. Defendant admits that paragraph 17 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

18. Defendant denies the allegations in paragraph 18 and further denies that the Investment Banking Agreement is an enforceable agreement.

19. Defendant denies information or belief sufficient to form a belief as to the truth of the matters alleged in paragraph 19.

20. Defendant admits that paragraph 20 accurately quotes the excerpted language from the October 10, 2005 Letter and otherwise denies the allegations contained in paragraph 20.

21. Defendant admits the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22, but admits the existence of the November 3, 2005 Letter.

23. Defendant admits the allegations in paragraph 23.

24. Defendant admits that paragraph 24 accurately quotes the excerpted language from the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

25. Defendant admits that Michael Rittlinger was deposed on April 15, 2005 in the Prior Litigation and respectfully refers the Court to the transcript of his deposition with respect to the content of that testimony.

26. Defendant admits that Jeffrey Klein was deposed on April 25, 2005 in the Prior Litigation and respectfully refers the Court to the transcript of his deposition with respect to the content of that testimony.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Defendant denies the allegations in paragraph 28, but admits that, if the Investment Banking Agreement were enforceable, the transaction with Blue Point Capital Partners would fit within the definition of an Extraordinary Transaction.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant admits the allegations in paragraph 32 and further states that it was under no obligation to provide the requested information, which is commercially-sensitive and proprietary.

33. Defendant denies the allegations contained in paragraph 33, but admits that Plaintiff has demanded money in connection with the transaction with Blue Point Capital Partners.

34. Defendant admits the allegations in paragraph 34.

## FOR A FIRST CLAIM OF RELIEF
### (Breach of Contract)

35. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 34 above.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38 and further denies that the Investment Banking Agreement is an enforceable agreement.

39. Defendant denies that the Investment Banking Agreement is an enforceable agreement, but admits that Plaintiff wrote to Defendant purporting to be willing to provide services under the Investment Banking Agreement.

40. Defendant denies the allegations in paragraph 40 but admits it did not benefit from, or utilize, any services from Plaintiff.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies information or belief sufficient to form a belief as to the truth of the matters alleged in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

## FOR A SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

45. Defendant incorporates its responses to the allegations contained in paragraph 1 through 44 above.

46. Defendant admits the allegations in paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48, but admits that Plaintiff alleges that the Investment Banking Agreement is enforceable.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

## DEFENSES

53. The statement of any defense herein shall not be construed to impose a burden of proof upon Defendant that goes beyond that which is strictly required as a matter of law. Defendant expressly reserves the right to amend and/or supplement its defenses.

54. The Complaint fails to state a claim upon which relief may be granted.

55. The Complaint is barred by the doctrine of unclean hands.

56. The Complaint is barred by the doctrine of release.

57. The Complaint is barred by the doctrine of estoppel.

58. The Complaint is barred by the doctrine of res judicata.

59. The Investment Banking Agreement is not an enforceable agreement.

60. The Investment Banking Agreement is barred by the doctrine of impossibility and frustration of purpose.

## JURY DEMAND

61. Defendant hereby demands trial by jury on all claims so triable.

WHEREFORE, Defendant requests that the Court:

(a) dismiss the claims against it;

(b) award Defendant costs, fees, and expenses; and

(c) grant such other relief as may be just and proper.

Dated: New York, New York
November 19, 2007

                                MORGENSTERN JACOBS & BLUE, LLC

                                By: /s/ Eric B. Fisher
                                    Eric B. Fisher
                                    885 Third Avenue, Suite 3040
                                    New York, New York 10022
                                    Telephone: (212) 750-6776
                                    Direct Facsimile: (646) 349-2816
                                    efisher@mjbllc.com

                                *Attorneys for Defendant*