

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE EDWARD ANDREWS GROUP, INC.,

               Plaintiff,               07 Civ. 4607 (LTS)(AJP)

    -against-                         ECF Case

ADDRESSING SERVICES COMPANY, INC.

               Defendant.

------------------------------------X

### STIPULATION AND PROTECTIVE ORDER
### CONCERNING CONFIDENTIALITY OF DISCOVERY MATERIALS

IT IS HEREBY STIPULATED AND ORDERED, that to protect the legitimate interests of the parties and other persons (including non-parties) in maintaining the confidentiality of certain sensitive or proprietary information, including trade secrets, that may be disclosed during the course of this action, the undersigned parties agree and this Court (the "Court") orders as follows:

    1. <u>Designation of Material as Confidential.</u> Any party to the above-captioned action or other person (including non-parties) that provides discovery materials (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition or through some other discovery device) or serves or files any papers in this action (hereinafter, "Material(s)") may designate such Materials as "Confidential." <s>Any party to the above-captioned action also may designate as "Confidential" any Materials produced by any other party or person (including non-parties).</s> A designation of "Confidential" shall constitute a representation by the party or person and its counsel that they, in good faith, believe that the material so designated



contains or constitutes: (a) confidential and/or proprietary information or (b) other information which is properly the subject of a protective order pursuant to Federal Rule of Civil Procedure 26(c). Material designated Confidential shall be accorded the protections referred to in paragraphs 6 and 7 of this Stipulation and Protective Order.

2. <u>Designation of Documents and Other Material as Confidential</u>. Documents, portions of documents, affidavits, answers to interrogatories, responses to requests for admissions and other Materials may be designated as Confidential by stamping or otherwise marking the document, the portion of the document or the Material as "Confidential."

3. <u>Designation of Deposition Testimony as Confidential</u>. Any party or person may designate any deposition testimony or any portion thereof (including exhibits) as Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within ten business days after actual receipt of the deposition transcript. All deposition transcripts shall be deemed designated Confidential for the first ten business days following receipt by counsel of such deposition transcripts. The reporter shall also be advised to limit distribution of the transcripts to the parties' counsel and the deponent (or his or her attorney).

4. <u>Use of Confidential Material</u>. Confidential Material shall be used by the non-designating party or person only in preparation for and conduct of this action including any appeals (including use in briefs, memoranda, correspondence and other documents relating thereto) and shall not be used for any other purpose except upon consent of the designating party or person or upon order of the Court.

5. <u>Restrictions on the Disclosure of Material Designated as Confidential</u>. Confidential Material and all information contained therein or derived therefrom shall not be disclosed to, or discussed with any person except:

    (a)    counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

    (b)    the parties and any officers, directors, employees, partners, members, trustees and agents of the parties that are reasonably necessary to assist counsel in the conduct of this action;

    (c)    experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent deemed reasonably necessary by counsel for the conduct of this action;

    (d)    any person who is deposed or testifies in this action, or is to be deposed or to testify in this action (for purposes of preparation for such deposition or testimony), and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of this action;

    (e)    the Court (including court staff and jurors), the United States Court of Appeals for the Second Circuit and the United States Supreme Court;

    (f)    court reporters, deposition transcript reporters and videographers; and

    (g)    other persons only upon consent of the designating party or person or upon order of the Court.

Prior to disclosure of Confidential Material to those persons or entities authorized under paragraphs 5(c) and (g) of this Order to receive such Material, any such individual or entity shall be provided with a copy of this Order, which he or she shall read. Upon reading this Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and will abide by its terms (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them.

6. Inadvertent Production. If information subject to a claim of attorney-client privilege, work product or any other privilege, doctrine or immunity from discovery is nevertheless inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege, doctrine or immunity from discovery to which the producing party or person would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this paragraph 6, with respect to information then in the custody of another party, such party may return to the claiming party or person that Material as to which the claim of inadvertent production has been made. If the party in possession of the Material does not agree to return it, the party or person claiming inadvertent production may move the Court for an order compelling return of the Material.

7. Resolution of Challenges to Designations. Entering into, agreeing to or otherwise complying with the terms of this Stipulation and Protective Order shall not: (a) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents that it considers not subject to

discovery; (b) prejudice in any way the rights of a party to seek a determination of the Court that particular Materials should, or should not, be produced; or (c) prejudice in any way the rights of a designating party or person to apply to the Court for a further protective order. No party to this action is obliged to challenge the protected status of any Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a non-designating party seeks to challenge the appropriateness of protected treatment of any Material, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the non-designating party may seek an order removing the Confidential designation from the disputed Material. The non-designating party shall give no less than five business days written notice to the designating party or person before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other Material that counsel contends is not entitled to protection. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the Materials are properly designated as Confidential and are entitled to such protection. Any document, testimony or other Material as to which such a motion is made shall continue to be treated as Confidential until the Court rules or the motion is otherwise resolved.

8. <u>Filing of Confidential Material Under Seal</u>. In the event any Material designated Confidential is included in, attached to, referred to, or is an exhibit to any brief, memorandum, affidavit, document or transcript which is filed with either the Court or the Clerk during the course of proceedings arising out of this action, the party using

such Material shall file the same or submit to the Court in a sealed envelope bearing the following legend:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER, NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT."

*[handwritten initialed annotation:]* A REDACTED COPY w/o CONFIDENTIAL MATERIAL SHALL BE PUBLICLY FILED.

9. <u>Receipt of Subpoena</u>. If any party in possession of Material designated "Confidential" under this Stipulation and Protective Order receives a discovery request, subpoena or other process seeking production or other disclosure of such "Confidential" Material, that party shall give prompt written notice to counsel for the party or person who designated the Materials "Confidential" and shall enclose a copy of the discovery request, subpoena or other process. Where possible, at least ten business days notice before production or other disclosure should be given.

10. <u>Return of Confidential Material Upon Termination of This Action</u>. Within 30 days after the final conclusion of this action (including any appeals) and unless the Court orders otherwise, any Material designated Confidential and any copies thereof shall be returned to the designating party or person (except that counsel to the parties may retain copies of pleadings, correspondence and work product notwithstanding the fact that such materials may contain information based upon, or derived from, Confidential materials); in lieu of having such Material returned, the designating party or person may elect to permit the receiving parties to destroy such Material, in which event the receiving parties shall certify in writing that all such Material has been destroyed within 30 days after the final conclusion of this action (including any appeals). The Court shall retain jurisdiction to enforce this Stipulation and Protective Order after the conclusion of this action.

11. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

11. Court Approval. The parties agree forthwith to submit this Stipulation and Protective order to the Court for approval, and further agree that, pending approval by the Court, this Stipulation and Protective order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court.

Dated: December 17, 2007

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.

By: _____
David. C. Burger (DB-8666)

1345 Avenue of the Americas
New York, NY 10105-0143
(212) 603-6300

Attorneys for Plaintiff

MORGENSTERN JACOBS & BLUE, LLC

By: _____
Eric B. Fisher (EF-1209)

885 Third Avenue
New York, NY 10022
(212) 750-6776 (tel)
(646) 349-2816 (fax)

Attorneys for Defendant

SO ORDERED

Dated: New York, New York
~~December ___, 2007~~
1/2/08

_____
UNITED STATES MAGISTRATE JUDGE
HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

**BY FAX**

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE EDWARD ANDREWS GROUP, INC.,

               Plaintiff,                        07 Civ. 4607 (LTS)(AJP)

-against-                                   ECF Case

ADDRESSING SERVICES COMPANY, INC.

               Defendant.

------------------------------------X

## CERTIFICATION REGARDING CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Stipulation and Protective Order Regarding Confidentiality of Materials ("Stipulation and Protective Order") entered in the above-referenced action on _____ and hereby agree to abide by its terms and conditions. I also understand that any violation of the Stipulation and Protective Order by me or anyone acting under my direction may subject me to penalties, including contempt of court.

                                                           _____
                                                           SIGNATURE

                                                           _____
                                                           NAME (PRINTED)

                                                           _____
                                                           AFFILIATION/COMPANY

                                                           _____
                                                           DATE

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:**  January 2, 2008                         **Total Number of Pages:** 9

| TO | FAX NUMBER |
|---|---|
| David C. Burger, Esq. | 212-956-2164 |
| Eric B. Fisher, Esq. | 646-349-2816 |
|  |  |

# TRANSCRIPTION:

[Sentence added at end of ¶ 8.]

A redacted copy w/o confidential material shall be publicly filed.


**Copy to:**   Judge Laura Taylor Swain