**MORGENSTERN FISHER & BL** 
ATTORNEYS AT LAW
885 THIRD AVENUE
NEW YORK, NEW YORK 1002
TELEPHONE: (212) 750-877
FACSIMILE: (646) 349-281

ERIC B. FISHER
ADMITTED IN NEW YORK
EFISHER@MFBNYC.COM

# MEMO ENDORSED

**Via Facsimile**

Hon. Andrew J. Peck
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 1370
New York, New York 10007

> Re:    *The Edward Andrews Group, Inc. v. Addressing Services Company, Inc.*
> *Case No. 07 Civ. 4607 (LTS) (AJP)*

Dear Judge Peck:

This firm is counsel to defendant Addressing Services Company, Inc. in the above matter. We write respectfully to request Your Honor's assistance in resolving a time-sensitive discovery dispute concerning the deposition of Timothy Brog, the sole owner and employee of the Edward Andrews Group, Inc. ("EAG").

Mr. Brog's deposition began on January 16, 2008 and is scheduled to continue on Tuesday, January 22, 2008. (Mr. Brog was not able to stay until the conclusion of his deposition on January 16, 2008 due to other commitments.) During the course of the first day of his deposition, Mr. Brog refused to answer a number of questions purportedly due to confidentiality concerns. Specifically, Mr. Brog refused to provide the following information:

- the identity of a client to whom EAG rendered services in 2007;
- the identity of a client to whom EAG rendered services in 2006;
- the identity of the co-founder of Mr. Brog's current business venture, known as Locksmith Capital;
- the identity of the co-founder of EII Investment Partners, LLC, a special purpose investment vehicle formed by Mr. Brog; and
- the identity of EAG's last client in the direct mail industry, which is the industry at issue in this case.

The above information all relates to the period of time during which Mr. Brog allegedly rendered services to Defendant and otherwise constitutes basic background information about Mr. Brog and EAG. To the extent that this information is

Hon. Andrew J. Peck
January 18, 2008
Page 2

commercially-sensitive, EAG's counsel is free to designate it as confidential pursuant to the protective order in this case. Accordingly, Mr. Brog should be required to supply the above information at his continued deposition. Further, the need to return to these questions should not count against the approximately 1.5 hours of remaining time in this deposition.

I have made a good faith effort to resolve this matter with counsel before writing to the Court. I raised the issue at the deposition, and I have since emailed EAG's counsel and also left a telephone message. Counsel did not respond to my email, and I did not succeed in reaching him by telephone. Because this issue is time-sensitive, I did not want to further delay notifying the Court of this dispute.

I thank the Court for its attention to this matter.

Respectfully submitted,

Eric B. Fisher

cc:  David Burger, Esq. (by facsimile)

**MEMO ENDORSED** 1/18/08

THE COURT ATTEMPTED TO REACH MR BURGER, WHO DID NOT RETURN THE CALL. THE COURT GRANTS THE ABOVE REQUEST — MR BROG IS TO ANSWER THESE QUESTIONS.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

copy: All Counsel

BY FAX