UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE EDWARD ANDREWS GROUP INC.,   :

                      Plaintiff,    :

          -against-             :

ADDRESSING SERVICES COMPANY, INC.,  :

                Defendant.   :
------------------------------------------------------------X

07 Civ. 4607 (AJP)

## AFFIDAVIT OF DAVID C. BURGER

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK  )

**DAVID C. BURGER**, being duly sworn, deposes and says:

1.  I am an attorney admitted to practice before this Court and am of counsel to Robinson Brog Leinwand Greene Genovese & Gluck P.C., attorneys for plaintiff The Edward Andrews Group Inc. ("EAG"). I submit this affidavit in support of EAG's motion to strike the jury demand of defendant Addressing Services Company, Inc. ("ASCO").

2.  Attached hereto as Exhibit A is a true and complete copy of the Complaint initially filed in this action, which asserted two causes of action: (a) breach of contract, and (b) unjust enrichment.

3.  Attached hereto as Exhibit B is a true and complete copy of ASCO's Answer to the Complaint, which did not contain a jury demand.

4.  Attached hereto as Exhibit C is a true and complete copy of the
Amended Complaint filed in this action, which asserted the same two causes of action
(breach of contract and unjust enrichment) as the original Complaint.  The Amended
Complaint was filed after ASCO moved to dismiss only the unjust enrichment claim in
the original Complaint on the ground that it did not sufficiently allege that EAG had
provided services to ASCO which had benefited ASCO.  Judge Swain granted leave to
EAG to amend its Complaint for the primary purpose of alleging with greater
particularity the services that had been rendered by EAG to the benefit of ASCO and that
would unjustly enrich ASCO if EAG was not compensated.  The Amended Complaint
differs from the original Complaint in the following respects:

(a)  Paragraphs 6 and 7 of the original Complaint noted that the
Consulting Agreement and the Investment Banking Agreement were executed on the
same day and constituted consideration for each other.  Paragraphs 6 through 11 and 36
of the Amended Complaint added detail by quoting language from the two agreements
referring to the agreements being part of a settlement of other disputes;

(b)  Paragraph 31 of the original Complaint generally alleged that
EAG has performed and/or has proffered its performance of all of its obligations under
the Investment Banking Agreement.  Paragraphs 18, 38, 49-50 and minor changes in
other paragraphs added detail by enumerating examples of the types of services provided
by EAG which benefited ASCO and which would unjustly enrich ASCO if EAG were
not compensated; and

(c)  ASCO's motion papers included an argument that a claim for
unjust enrichment is not available when there is a written contract between the parties

2

unless there is some question as to whether the contract is enforceable. Paragraph 46 of the Amended Complaint quoted from ASCO's Answer to the original Complaint in which ASCO alleged that the Investment Banking Agreement is not enforceable. Paragraphs 47-48 of the Amended Complaint noted that the claim for unjust enrichment was in the alternative to the breach of contract claim in the event that the contract was found to be unenforceable.

5. Attached hereto as Exhibit D is a true and complete copy of ASCO's Answer to the Amended Complaint, which includes a jury demand.

6. For the reasons stated in the accompanying memorandum of law, ASCO's jury demand should be stricken.

DAVID C. BURGER

Sworn to before me this
31st day of January, 2008

Notary Public

CHRISTINE S. WILLIAMS
Notary Public, State of New York
No. 01WI4757308
Qualified in Queens County
Commission Expires Oct. 31, 2010