# EXHIBIT B

Eric B. Fisher (EF-1209)
MORGENSTERN JACOBS & BLUE, LLC
885 Third Avenue
New York, New York 10022
Telephone: (212) 750-6776
Direct Facsimile: (646) 349-2816
Email: efisher@mjbllc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE EDWARDS ANDREWS GROUP, INC.,

                Plaintiff,                    07 Civ. 4607 (LTS)

      -against-                          ECF Case

ADDRESSING SERVICES COMPANY, INC.      **ANSWER**

                Defendant.

------------------------------------X

      Defendant Addressing Services Company, Inc. ("Defendant"), by and through its counsel Morgenstern Jacobs & Blue, LLC, answers the Complaint (the "Complaint") filed by the Edwards Andrews Group Inc. ("Plaintiff"), as follows:

## THE PARTIES

1.     Defendant admits the allegations in paragraph 1 of the Complaint.

2.     Defendant admits the allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     Paragraph 3 contains legal conclusions as to which no response is required. Defendant admits that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.     Paragraph 4 contains legal conclusions as to which no response is required.

## **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

5. Defendant admits the allegations in paragraph 5.

6. Defendant denies that the financial advisor agreement dated January 13, 2004 ("Investment Banking Agreement") is an enforceable agreement, but otherwise admits the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8, but admits that Michael Rittlinger executed the agreements.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits that paragraph 10 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

11. Defendant admits that paragraph 11 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

12. Defendant admits that paragraph 12 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

13. Defendant admits that paragraph 13 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

14. Defendant denies information or belief sufficient to form a belief as to the truth of the matters alleged in paragraph 14.

15. Defendant admits that paragraph 15 accurately quotes the excerpted language from the October 10, 2005 Letter and otherwise denies the allegations contained in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17, but admits the existence of the November 3, 2005 Letter.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits that paragraph 19 accurately quotes the excerpted language from the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

20. Defendant admits that Michael Rittlinger was deposed on April 15, 2005 in the Prior Litigation and respectfully refers the Court to the transcript of his deposition with respect to the content of that testimony.

21. Defendant admits that Jeffrey Klein was deposed on April 25, 2005 in the Prior Litigation and respectfully refers the Court to the transcript of his deposition with respect to the content of that testimony.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Defendant denies the allegations in paragraph 23, but admits that, if the Investment Banking Agreement were enforceable, the transaction with Blue Point Capital Partners would fit within the definition of an Extraordinary Transaction.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant admits the allegations in paragraph 27 and further states that it was under no obligation to provide the requested information, which is commercially-sensitive and proprietary.

28. Defendant denies the allegations contained in paragraph 28, but admits that Plaintiff has demanded money in connection with the transaction with Blue Point Capital Partners.

29. Defendant admits the allegations in paragraph 29.

## FOR A FIRST CLAIM OF RELIEF
### (Breach of Contract)

30. Defendant incorporates its responses to the allegations contained in paragraph 1 through 29 above.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

## FOR A SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

34. Defendant incorporates its responses to the allegations contained in paragraph 1 through 29 above.

35-42. Paragraphs 35 through 42 concern a claim that is currently the subject of Defendant's motion to dismiss and thus no response to these allegations is required at this time.

**DEFENSES**

43. The statement of any defense herein shall not be construed to impose a burden of proof upon Defendant that goes beyond that which is strictly required as a matter of law. Defendant expressly reserves the right to amend and/or supplement its defenses.

44. The Complaint fails to state a claim upon which relief may be granted.

45. The Complaint is barred by the doctrine of unclean hands.

46. The Complaint is barred by the doctrine of release.

47. The Complaint is barred by the doctrine of estoppel.

48. The Complaint is barred by the doctrine of res judicata.

49. The Investment Banking Agreement is not an enforceable agreement.

WHEREFORE, Defendant requests that the Court:

    (a) dismiss the claims against it;

    (b) award Defendant costs, fees, and expenses; and

    (c) grant such other relief as may be just and proper.

Dated: New York, New York
       July 13, 2007

                                   MORGENSTERN JACOBS & BLUE, LLC

                                   By: /s/ Eric B. Fisher
                                         Eric B. Fisher
                                         885 Third Avenue, Suite 3040
                                         New York, New York 10022
                                         Telephone: (212) 750-6776
                                         Direct Facsimile: (646) 349-2816
                                         efisher@mjbllc.com

                                         *Attorneys for Defendant*