# EXHIBIT D

Eric B. Fisher (EF-1209)
MORGENSTERN JACOBS & BLUE, LLC
885 Third Avenue
New York, New York 10022
Telephone: (212) 750-6776
Direct Facsimile: (646) 349-2816
Email: efisher@mjbllc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE EDWARD ANDREWS GROUP, INC.,

                Plaintiff,                07 Civ. 4607 (LTS)(AJP)

  -against-                          ECF Case

ADDRESSING SERVICES COMPANY, INC.      **ANSWER TO**
                                                        **AMENDED COMPLAINT**
                Defendant.

------------------------------------X

      Defendant Addressing Services Company, Inc. ("Defendant"), by and through its counsel Morgenstern Jacobs & Blue, LLC, answers the Amended Complaint (the "Amended Complaint") filed by the Edward Andrews Group Inc. ("Plaintiff"), as follows:

## THE PARTIES

      1.     Defendant admits the allegations in paragraph 1 of the Amended Complaint.

      2.     Defendant admits the allegations in paragraph 2 of the Amended Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions as to which no response is required. Defendant admits that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Paragraph 4 contains legal conclusions as to which no response is required.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

5. Defendant admits the allegations in paragraph 5.

6. Defendant denies that the financial advisor agreement dated January 13, 2004 ("Investment Banking Agreement") is an enforceable agreement, but otherwise admits the allegations in paragraph 6.

7. Defendant admits that paragraph 7 accurately quotes the excerpted portion of the Investment Banking Agreement, but otherwise denies that the Investment Banking Agreement is an enforceable agreement.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10 and respectfully refers the Court to the Consulting Agreement with regard to the "whereas" clauses contained therein.

11. Defendant denies the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13.

14. Defendant admits that paragraph 14 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

15. Defendant admits that paragraph 15 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

16. Defendant admits that paragraph 16 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

17. Defendant admits that paragraph 17 accurately quotes the excerpted portion of the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

18. Defendant denies the allegations in paragraph 18 and further denies that the Investment Banking Agreement is an enforceable agreement.

19. Defendant denies information or belief sufficient to form a belief as to the truth of the matters alleged in paragraph 19.

20. Defendant admits that paragraph 20 accurately quotes the excerpted language from the October 10, 2005 Letter and otherwise denies the allegations contained in paragraph 20.

21. Defendant admits the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22, but admits the existence of the November 3, 2005 Letter.

23. Defendant admits the allegations in paragraph 23.

24. Defendant admits that paragraph 24 accurately quotes the excerpted language from the Investment Banking Agreement, but denies that the Investment Banking Agreement is an enforceable agreement.

25. Defendant admits that Michael Rittlinger was deposed on April 15, 2005 in the Prior Litigation and respectfully refers the Court to the transcript of his deposition with respect to the content of that testimony.

26. Defendant admits that Jeffrey Klein was deposed on April 25, 2005 in the Prior Litigation and respectfully refers the Court to the transcript of his deposition with respect to the content of that testimony.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Defendant denies the allegations in paragraph 28, but admits that, if the Investment Banking Agreement were enforceable, the transaction with Blue Point Capital Partners would fit within the definition of an Extraordinary Transaction.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant admits the allegations in paragraph 32 and further states that it was under no obligation to provide the requested information, which is commercially-sensitive and proprietary.

33. Defendant denies the allegations contained in paragraph 33, but admits that Plaintiff has demanded money in connection with the transaction with Blue Point Capital Partners.

34. Defendant admits the allegations in paragraph 34.

## FOR A FIRST CLAIM OF RELIEF
### (Breach of Contract)

35. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 34 above.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38 and further denies that the Investment Banking Agreement is an enforceable agreement.

39. Defendant denies that the Investment Banking Agreement is an enforceable agreement, but admits that Plaintiff wrote to Defendant purporting to be willing to provide services under the Investment Banking Agreement.

40. Defendant denies the allegations in paragraph 40 but admits it did not benefit from, or utilize, any services from Plaintiff.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies information or belief sufficient to form a belief as to the truth of the matters alleged in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

## FOR A SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

45. Defendant incorporates its responses to the allegations contained in paragraph 1 through 44 above.

46. Defendant admits the allegations in paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48, but admits that Plaintiff alleges that the Investment Banking Agreement is enforceable.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

## DEFENSES

53. The statement of any defense herein shall not be construed to impose a burden of proof upon Defendant that goes beyond that which is strictly required as a matter of law. Defendant expressly reserves the right to amend and/or supplement its defenses.

54. The Complaint fails to state a claim upon which relief may be granted.

55. The Complaint is barred by the doctrine of unclean hands.

56. The Complaint is barred by the doctrine of release.

57. The Complaint is barred by the doctrine of estoppel.

58. The Complaint is barred by the doctrine of res judicata.

59. The Investment Banking Agreement is not an enforceable agreement.

60. The Investment Banking Agreement is barred by the doctrine of impossibility and frustration of purpose.

## JURY DEMAND

61. Defendant hereby demands trial by jury on all claims so triable.

WHEREFORE, Defendant requests that the Court:

(a) dismiss the claims against it;

(b) award Defendant costs, fees, and expenses; and

(c) grant such other relief as may be just and proper.

Dated: New York, New York
November 19, 2007

                                              MORGENSTERN JACOBS & BLUE, LLC

                                              By: /s/ Eric B. Fisher
                                                     Eric B. Fisher
                                                     885 Third Avenue, Suite 3040
                                                     New York, New York 10022
                                                     Telephone: (212) 750-6776
                                                     Direct Facsimile: (646) 349-2816
                                                     efisher@mjbllc.com

                                                     *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE EDWARD ANDREWS GROUP INC.,                :

                                                                07 Civ. 4607 (AJP)

             Plaintiff,                                :

    -against-                                                     :

ADDRESSING SERVICES COMPANY, INC.,    :

            Defendant.                          :
------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S JURY DEMAND

### PRELIMINARY STATEMENT

Plaintiff The Edward Andrews Group Inc. ("EAG") submits this memorandum of law in support of its motion to strike the jury demand of Defendant Addressing Services Company, Inc. ("ASCO").

It is well-settled that the filing of an amended complaint does not revive a defendant's right to demand a jury trial unless the amendment changes the basic issues that were alleged in the original complaint. The amendment in the instant action merely added details without changing the parties, the claims or the relief sought. The Second Circuit has held that an amendment adding more detailed allegations to a previously asserted claim does not revive a defendant's right to demand a jury trial. Accordingly, the defendant's jury demand – contained for the first time in its answer to the Amended Complaint – should be stricken.

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying affidavit of David C. Burger, sworn to on January 31, 2007 ("Burger Affidavit") for a statement of the facts relating to this motion.

## ARGUMENT

### THE AMENDED COMPLAINT DID NOT CHANGE THE ISSUES IN THIS ACTION, AND THEREFORE DID NOT REVIVE ASCO'S RIGHT TO DEMAND A JURY TRIAL

Rule 38 of the Federal Rules of Civil Procedure provides that the right to demand a jury trial is waived unless the demand is properly served and filed, as follows:

> "(b) **Demand.** On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) serving the other parties with a written demand – which may be included in a pleading – no later than 10 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d).
> …
> (d) **Waiver; Withdrawal.** A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent."

The Second Circuit has long held that an amended complaint does not revive a defendant's right to demand a jury unless the amendment changes the issues in the action:

> "Under Rule 38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint. If the original complaint is subsequently amended, the right to demand a jury

2

> trial is revived in an action such as this only if the amendment changes the issues."

Lanza v. Drexel & Co., 479 F.2d 1277, 1310 (2d Cir. 1973).

In Rosen v. Dick, 639 F.2d 82 (2d Cir. 1980), the Second Circuit reviewed examples of amendments that did not change the issues so as to revive a right to make a jury demand, including an amendment "merely giving greater detail to allegations of negligence." 639 F.2d at 95. The Second Circuit's review of precedents revealed several principles, including the following:

> "From these precedents, several principles emerge. ... [W]hen the parties are the same before and after an amended pleading, it is difficult to show that a new issue has been raised. Usually, the initial jury demand (or waiver) will put the other parties on notice that a jury (or the court) will be trying 'all issues relating to (the) general area of dispute.' Lanza, supra, 479 F.2d at 1310. Thus, the issues of fraud in Lanza, bad faith in Trixler, and conspiracy in Las Vegas Sun were not changed by amendments which added extra details or new legal headings."

639 F.2d at 96.

The Second Circuit has reiterated that: "a litigant might have a basis for obtaining relief from a jury waiver where a subsequent pleading alters the nature of the issue to be decided from what it appeared to be at the time of the waiver...." McCarthy v. Bronson, 906 F.2d 835, 841 (2d Cir. 1990).

The amendment in the instant action did not alter the issues:

- the parties remained the same;
- the two claims (breach of contract and unjust enrichment) remained the same; and
- the relief sought remained the same.

The amendment merely added detail to the services that were rendered by EAG to ASCO. The original Complaint generally alleged, at paragraph 31, that: "EAG has performed, and/or has proffered its performance of, all of its obligations under the Investment Banking Agreement." The original Complaint also generally alleged, at paragraph 41, that: "ASCO's failure and refusal to pay fees to EAG with respect to the Extraordinary Transaction between ASCO and Blue Point unfairly enriches ASCO at the expense of EAG."

At oral argument of ASCO's motion to dismiss only EAG's unjust enrichment claim, Judge Swain granted EAG leave to amend its Complaint to allege with greater particularity the services rendered by EAG to ASCO that would unjustly enrich ASCO if EAG was not compensated.

EAG's Amended Complaint added the following detail to the unjust enrichment claim:

> "49. EAG provided advice to ASCO and educated ASCO with respect to many issues (the "Advice") including, but not limited to, the following:
>
> (a)   Names of potential strategic and financial buyers;
> (b)   Financing sources and their expectation of leverage limitations for a company in the direct marketing business;
> (c)   Structuring of transactions;
> (d)   Selling assets versus selling stock;
> (e)   Designing earn out provisions;
> (f)   Multiples that one could expect depending on the form of consideration;
> (g)   Establishing joint ventures;
> (h)   Disadvantages of a reverse merger into a public shell;
> (i)   Timing of transactions to minimize tax leakage;
> (j)   Terms of a confidentiality agreement;

>   (k)   Terms of a non-competition agreement;
>   (l)   Appropriate standard for material terms in an acquisition agreement;
>   (m)   Negotiation of a letter of intent;
>   (n)   Pro forma financial statements to create an adjusted EBITDA number;
>   (o)   Due diligence issues;
>   (p)   No shop provisions;
>   (q)   Customary representations and warranties; and
>   (r)   Indemnification issues.
>
> "50.  The Advice provided by EAG to ASCO was of actual benefit to ASCO, as reflected in the terms of the transaction between ASCO and Blue Point.
>
> "51.  ASCO's failure and refusal to pay fees to EAG with respect to the Extraordinary Transaction between ASCO and Blue Point unfairly enriches ASCO at the expense of EAG."

The original Complaint alleged that EAG had rendered services to ASCO and that ASCO would be unjustly enriched if EAG was not compensated. The Amended Complaint merely added details by identifying some of the categories of advice provided by EAG to ASCO that would unjustly enrich ASCO if EAG was not compensated. The nature and issues of this case were not changed by the filing of the Amended Complaint. The Amended Complaint therefore did not revive ASCO's right to demand a jury trial.

## CONCLUSION

For all of the reasons stated above and in the accompanying Burger Affidavit, and in the pleadings and proceedings heretofore had herein, plaintiff EAG's motion to strike defendant ASCO's jury demand should be granted.

Dated: January 31, 2008

                                        **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

                                        By: _____
                                            David C. Burger (DB-8666)
                                        1345 Avenue of the Americas
                                        New York, New York 10105
                                        (212) 603-6361
                                        **Attorneys for Plaintiff**
                                        **The Edward Andrews Group Inc.**