UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
THE EDWARD ANDREWS GROUP, INC.,

     Plaintiff,      07 Civ. 4607 (AJP)

 -against-

ADDRESSING SERVICES COMPANY, INC.

     Defendant.

----------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO STRIKE JURY DEMAND

Eric B. Fisher, Esq.
MORGENSTERN FISHER & BLUE, LLC
885 Third Avenue
New York, New York 10022
Telephone: (212) 750-6776
Direct Facsimile: (646) 349-2816
Email: efisher@mfbnyc.com

*Attorneys for Defendant*

## PRELIMINARY STATEMENT

Defendant Addressing Services Company ("ASCO") respectfully submits this memorandum of law in opposition to Plaintiff The Edward Andrews Group's ("EAG") motion to strike ASCO's jury demand. As explained below, ASCO has not waived its Seventh Amendment right to have this case tried to a jury because the jury demand contained in ASCO's answer to EAG's amended complaint was timely and complied with Fed. R. Civ. P. 38(b). Further, even assuming *arguendo* that ASCO had waived its right to demand a jury trial, that right was revived by EAG's amended complaint. Finally, EAG will suffer no prejudice if ASCO's jury demand is enforced, while ASCO will suffer severe prejudice if it is not.

## STATEMENT OF FACTS

In this action, EAG seeks compensatory damages for alleged breach of an agreement dated January 13, 2004 (the "Investment Banking Agreement"), and also on the theory that it allegedly provided valuable services to ASCO for which it was not compensated. In its defense, among other things, ASCO asserts that EAG's claims are barred by a release between the parties; that the Investment Banking Agreement fails for lack of consideration and because there was no meeting of the minds; and that EAG did not render any services to ASCO.

The action was commenced on May 31, 2007. *See* Docket Sheet attached as Exhibit A to the Declaration of Eric B. Fisher ("Fisher Dec."). The original complaint (the "Complaint") filed by EAG asserted two claims against ASCO: breach of contract ("First Claim") and unjust enrichment ("Second Claim"). *See* Complaint attached as Exhibit A to the Declaration of David C. Burger ("Burger Dec."). Each of the two claims

sought compensatory damages in an amount to be determined at trial in excess of $400,000.

On July 13, 2007, ASCO answered the First Claim only (the "Answer") and moved to dismiss the Second Claim. ASCO did not answer the Second Claim at that time. *See* Answer attached as Exhibit B to Burger Dec. at ¶¶ 35-42 ("Paragraphs 35 through 42 concern a claim that is currently the subject of Defendant's motion to dismiss and thus no response to these allegations is required at this time."). ASCO's Answer did not include a jury demand. On September 11, 2007, EAG opposed ASCO's motion to dismiss and cross-moved for leave to amend its complaint, attaching a copy of its Proposed Amended Complaint to the papers submitted in support of the cross-motion. *See* EAG's Proposed Amended Complaint attached as Exhibit B to Fisher Dec.

The parties filed a Preliminary Pretrial Statement on October 2, 2007. *See* Preliminary Pretrial Statement attached as Exhibit C to Fisher Dec. In the Preliminary Pretrial Statement, ASCO made clear that it sought trial by jury. *Id.* at ¶ Q ("Defendant ASCO states that this case should be tried to a jury…"). Although EAG asserted in the October 2, 2007 Preliminary Pretrial Statement that ASCO had waived its right to demand a jury, EAG did not move to strike the demand.

On October 9, 2007, in a ruling from the Bench, Judge Swain granted ASCO's motion to dismiss the Second Claim and denied EAG's cross-motion for leave to amend. In connection with the Court's ruling granting ASCO's motion to dismiss, Judge Swain found that EAG's initial complaint alleged only EAG's "readiness and willingness to perform services in accordance with the investment banking agreement," (*see* Transcript

of October 9, 2007 Hearing ("Tr.") attached as Exhibit D to Fisher Dec. at 2:17-19), and failed to allege that EAG had actually provided valuable services to ASCO.

While the Proposed Amended Complaint "add[ed] an allegation that says that [EAG] performed services for the benefit...of the defendant," (*id.* at 2:21-23), the Court nonetheless found that pleading also to be deficient. According to the Court, the emails attached as exhibits to the Proposed Amended Complaint did not appear to support an allegation that EAG had rendered valuable services to ASCO and were "cryptic." *Id.* at 5:19. Based on arguments advanced by EAG's counsel, the Court asked whether EAG was "in a position that's within the bounds of Rule 11 to allege that it provided financial advice, transaction-related advice...that was of value to ASCO." *Id.* at 5:20-6:1. Counsel for EAG represented that he had a non-frivolous basis for adding such an allegation to EAG's complaint. In reply to that representation by EAG's counsel, counsel for ASCO told the Court:

> Your Honor, I simply would point out, as it seems the Court is aware, that what opposing counsel has just said, namely that Edward Andrews Group rendered advice about how to structure transactions to my client, is *nowhere alleged in the complaint.* That is not apparent from any of those emails. And I'm unaware of a factual basis for such an allegation.

*Id.* at 6:15-21(emphasis added). Based on EAG's counsel's representation to the Court that there was a non-frivolous basis for adding a new allegation that EAG rendered valuable transaction-related advice to ASCO, the Court allowed EAG until October 19, 2007 to file a newly-amended complaint "consistent with the representations made here on the record today." *Id.* at 7:4-5.

On October 19, 2007, EAG filed its amended complaint (the "Amended Complaint"), in which it alleged for the first time that it rendered transaction-related

3

advice that was of actual value to ASCO. The Amended Complaint detailed the advice supposedly rendered to ASCO. *See* Amended Complaint attached as Exhibit C to Burger Dec. at ¶¶ 49-50. In response to the Amended Complaint, on November 19, 2007, ASCO filed its Answer to the Amended Complaint ("Answer to Amended Complaint"). *See* Answer to Amended Complaint attached as Exhibit D to Burger Dec. In its Answer to Amended Complaint, ASCO for the very first time answered the Second Claim. *See* Answer to Amended Complaint at ¶¶ 45-52. The Answer to Amended Complaint, which is the first pleading directed to the Second Claim, includes a jury demand pursuant to Fed. R. Civ. P. 38(b).

EAG did not serve its first discovery request to ASCO until November 20, 2007, which is the day after ASCO served and filed its Answer to Amended Complaint. On January 31, 2008 – the date which marked the close of discovery except for certain limited matters authorized by this Court at the January 29, 2008 discovery conference – EAG moved to strike ASCO's jury demand.

## ARGUMENT

## EAG'S MOTION TO STRIKE SHOULD BE DENIED

EAG's motion to strike should be denied for the following reasons:

*First*, ASCO's jury demand was timely because it was included in the Answer to Amended Complaint, which was the very first pleading directed to the Second Claim. Because the demand was timely, this Court need not, and should not, even reach the issue raised by EAG's motion – namely, whether the amended complaint "revived" ASCO's right to make a jury demand. That issue is irrelevant. There was no need for ASCO's

4

right to be revived because it was never waived in the first place. ASCO's jury demand was included in the very first pleading addressed to the Second Claim.

*McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990), one of three cases relied on by EAG, illustrates this point. In *McCarthy*, the plaintiff filed a complaint that did not include a jury demand, and later amended that complaint, adding no new substantive allegations, and again omitting a jury demand. Plaintiff then amended his complaint a second time, adding no new substantive allegations, but this time including a jury demand. Defendant answered the complaint for the very first time in response to the second amendment of the complaint. The Court found that the jury demand in the amended complaint was timely under Fed. R. Civ. P. 38(b):

> The Civil Rules require a demand for jury trial on an issue no later than ten days "after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b). Failure to make a timely demand constitutes a waiver. *Id.* 38(d). However, "the last pleading directed to" an issue is not the pleading that raises the issue, it is the pleading that contests the issue. *Normally, that pleading is an answer, or, with respect to a counterclaim, a reply, id. Rule 12(a)*...In this case, no answer was filed to either the original complaint or the first amended complaint. The answer to the second amended complaint was not filed until August 26, 1985, after plaintiff had made a jury demand. There was thus no waiver by reason of a late demand.

*Id.* at 840 (emphasis added).[1] In this case, ASCO's jury demand was served and filed contemporaneously with the first pleading directed to the Second Claim.[2] Accordingly, the jury demand was timely.

---

1   In *McCarthy*, the plaintiff was found to have waived his right to a jury trial based on an express waiver in a proceeding before the Magistrate Judge in that case, *see id.* -- a circumstance that has no relevance to this case.

2   Contrary to *McCarthy*, EAG seems to assume incorrectly that ASCO's motion to dismiss the Second Claim was a "pleading." This position is also inconsistent with Fed. R. Civ. P. 7(a), which lists all possible "pleadings" and states that ***"[n]o other pleading shall be allowed."*** (emphasis added).

5

*Second*, even assuming erroneously and for the sake of argument only that ASCO's jury demand was untimely, it is clear that the Amended Complaint would have revived ASCO's right to demand a jury. The transcript from the October 9, 2007 hearing makes plain that, in order to overcome the deficiencies pointed out in ASCO's motion to dismiss, EAG was required to include a significant new allegation in its Amended Complaint. Specifically, the Complaint never alleged that EAG actually rendered services of value to ASCO. The Amended Complaint does. This is not a trivial difference between the two pleadings. Indeed, as the hearing transcript demonstrates, without that new allegation EAG's pleading could not withstand a motion to dismiss. Moreover, that new allegation opened the door to whole new areas of discovery about what services, if any, EAG provided to ASCO during the relevant period. Accordingly, assuming *arguendo* that ASCO had waived its right to demand a jury trial in its Answer, the Amended Complaint clearly revived that right.[3]

*Third*, EAG has suffered no prejudice. ASCO included a jury demand in the Preliminary Pretrial Statement and in its Answer to Amended Complaint. Both of these documents were filed with the Court before EAG sought any discovery from ASCO. Thus, even if this Court were to find that the demand was untimely – which it plainly was not – EAG has not suffered any harm as a result. All of the discovery in this case was conducted with full knowledge of the fact that ASCO had demanded a jury trial. *See, e.g., Felekey v. American Telephone and Telegraph Co.*, Civil Action No. 3:02 CV 691 (CFD), 2006 U.S. Dist. LEXIS 77723, at *2 (D. Conn. 2006) (permitting late jury

---

3   *Lanza v. Drexel & Co.*, 479 F.2d 1277 (2d Cir. 1973), is inapposite. In *Lanza*, unlike here, the amended complaint did not add new issues. *Id.* at 1310. Moreover, in *Lanza*, unlike this case, two years elapsed between the first complaint and the amended complaint. Finally, as already explained above, this Court need not even reach the question of waiver addressed in *Lanza*, because ASCO's jury demand was timely.

6

demand where defendant "likely will not be prejudiced," even though some discovery had progressed before the jury demand was filed); *Raymond v. Int'l Business Machines Corp.*, 148 F.3d 63, 67 (2d Cir. 1998) (affirming district court decision permitting jury demand to be filed more than two years after commencement of case because "there is little indication that [defendant] suffered prejudice as a result of the delay"); *Landau v. Nat'l Railroad Passenger Corp.*, 97 F.R.D. 723, 724-25 (S.D.N.Y. 1983) (permitting untimely jury demand because it was "filed relatively soon after the action was commenced, before any discovery had been conducted and before there had been any significant reliance by defendant on the case being tried without a jury.").

Finally, ASCO would be severely prejudiced if EAG's motion to strike were to be granted. ASCO's jury demand was filed many months ago before discovery proceeded. EAG could have moved to strike at any time. Indeed, while this Court has discretion to extend EAG's time to move to strike, under Fed. R. Civ. P. 12(f), EAG's motion to strike should have been brought within twenty days of the filing of ASCO's jury demand. *See* Fed. R. Civ. P. 12(f) (motion to strike should be made "within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time"). Yet, without offering any excuse for its unreasonable delay, EAG elected not to move to strike until after the conclusion of almost all discovery in this case. ASCO conducted discovery in this case, including depositions, in reliance on the validity of its jury demand and should not be deprived of its jury right at this late date.

In *Rosen v. Dick*, 639 F.2d 82 (2d Cir. 1980), another case relied on by EAG, the Second Circuit noted:

> Rule 38 embodies the equitable principles of reasonable reliance (for a party seeking to invoke the jury trial right) and adequate notice (for the

7

other parties in an action), and these principles allow the federal courts some latitude in enforcing the Rule so as to satisfy justifiable expectations while avoiding undue surprise.

*Id.* at 87-88.[4] Here, ASCO has reasonably relied on the validity of its jury demand throughout this case, justifiably expecting that it would be entitled to exercise its Seventh Amendment right. By the same token, EAG cannot contend that it did not receive adequate notice of ASCO's jury demand or claim undue surprise. Accordingly, all factors weigh in favor of safeguarding ASCO's right to a jury trial.

## CONCLUSION

For the reasons set forth above, ASCO respectfully requests that this Court enter an order denying EAG's motion to strike ASCO's jury demand and granting such other relief as the Court deems proper.[5]

Dated: New York, New York
February 11, 2008

                                                        MORGENSTERN FISHER & BLUE, LLC

                                                        By: /s/ Eric B. Fisher
                                                             Eric B. Fisher
                                                             885 Third Avenue
                                                            New York, New York 10022
                                                            Telephone: (212) 750-6776
                                                            Direct Facsimile: (646) 349-2816
                                                            efisher@mfbnyc.com

                                                            *Attorneys for Defendant*

---

[4]    The *Rosen* case is not otherwise on point, because the issue there was whether defendants, who did not serve jury trial demands, could rely on the jury trial demand of another defendant.

[5]    Even if this Court finds that ASCO's jury demand was untimely and was not revived by the Amended Complaint, the Court nonetheless has discretion to permit ASCO to file its jury demand out of time. *See Felekey*, 2006 U.S. Dist. LEXIS 77723, at *2; *Raymond*, 148 F.3d at 67; *Landau*, 97 F.R.D. at 724-25.