UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE EDWARD ANDREWS GROUP, INC.,

                Plaintiff,                        07 Civ. 4607 (AJP)

     -against-

ADDRESSING SERVICES COMPANY, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### Declaration of Eric B. Fisher in Opposition to Motion to Strike

ERIC B. FISHER, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1.      I am an attorney admitted to practice in the State of New York and before this Court. I am a member of the firm Morgenstern Fisher & Blue, LLC,[1] attorneys for defendant Addressing Services Company ("ASCO").

2.      I submit this declaration in support of ASCO's opposition to Plaintiff The Edward Andrews Group's ("EAG") motion to strike ASCO's jury demand. For the reasons set forth herein and in the accompanying memorandum of law, the motion to strike should be denied.

3.      The action was commenced on May 31, 2007. *See* Docket Sheet attached hereto as Exhibit A. The original complaint (the "Complaint") filed by EAG asserted two claims against ASCO: breach of contract ("First Claim") and unjust enrichment ("Second Claim"). *See* Complaint attached as Exhibit A to the Declaration of David C. Burger ("Burger Dec."). Each of the two claims sought compensatory damages in an amount to be determined at trial in excess of $400,000.

---

[1]     Please note that the firm has changed its name from Morgenstern Jacobs & Blue, LLC, to Morgenstern Fisher & Blue, LLC.

4.      On July 13, 2007, ASCO answered the First Claim only (the "Answer") and moved to dismiss the Second Claim. ASCO did not answer the Second Claim at that time. *See* Answer attached as Exhibit B to Burger Dec. at ¶¶ 35-42 ("Paragraphs 35 through 42 concern a claim that is currently the subject of Defendant's motion to dismiss and thus no response to these allegations is required at this time."). ASCO's Answer did not include a jury demand. On September 11, 2007, EAG opposed ASCO's motion to dismiss and cross-moved for leave to amend its complaint, attaching a copy of its Proposed Amended Complaint to the papers submitted in support of the cross-motion. *See* EAG's Proposed Amended Complaint attached hereto as Exhibit B.

5.      The parties filed a Preliminary Pretrial Statement on October 2, 2007. *See* Preliminary Pretrial Statement attached hereto as Exhibit C. In the Preliminary Pretrial Statement, ASCO made clear that it sought trial by jury. *Id.* at ¶ Q ("Defendant ASCO states that this case should be tried to a jury…"). Although EAG asserted in the October 2, 2007 Preliminary Pretrial Statement that ASCO had waived its right to demand a jury, EAG did not move to strike the demand.

6.      On October 9, 2007, in a ruling from the Bench, Judge Swain granted ASCO's motion to dismiss the Second Claim and denied EAG's cross-motion for leave to amend. In connection with the Court's ruling granting ASCO's motion to dismiss, Judge Swain found that EAG's initial complaint alleged only EAG's "readiness and willingness to perform services in accordance with the investment banking agreement," (*see* Transcript of October 9, 2007 Hearing ("Tr.") attached hereto as Exhibit D at 2:17-19), and failed to allege that EAG had actually provided valuable services to ASCO.

2

7.      While the Proposed Amended Complaint "add[ed] an allegation that says that

[EAG] performed services for the benefit…of the defendant," (*id.* at 2:21-23), the Court

nonetheless found that pleading also to be deficient.  According to the Court, the emails attached

as exhibits to the Proposed Amended Complaint did not appear to support an allegation that

EAG had rendered valuable services to ASCO and were "cryptic."  *Id.* at 5:19.  Based on

arguments advanced by EAG's counsel, the Court asked whether EAG was "in a position that's

within the bounds of Rule 11 to allege that it provided financial advice, transaction-related

advice…that was of value to ASCO."  *Id.* at 5:20-6:1.  Counsel for EAG represented that he had

a non-frivolous basis for adding such an allegation to EAG's complaint.  In reply to that

representation by EAG's counsel, counsel for ASCO told the Court:

> Your Honor, I simply would point out, as it seems the Court is aware, that what
> opposing counsel has just said, namely that Edward Andrews Group rendered
> advice about how to structure transactions to my client, is *nowhere alleged in the
> complaint.*  That is not apparent from any of those emails.  And I'm unaware of a
> factual basis for such an allegation.

*Id.* at 6:15-21(emphasis added).  Based on EAG's counsel's representation to the Court that there

was a non-frivolous basis for adding a new allegation that EAG rendered valuable transaction-

related advice to ASCO, the Court allowed EAG until October 19, 2007 to file a newly-amended

complaint "consistent with the representations made here on the record today."  *Id.* at 7:4-5.

8.      On October 19, 2007, EAG filed its amended complaint (the "Amended

Complaint"), in which it alleged for the first time that it rendered transaction-related advice that

was of actual value to ASCO.  The Amended Complaint detailed the advice supposedly rendered

to ASCO.  *See* Amended Complaint attached as Exhibit C to Burger Dec. at ¶¶ 49-50.  In

response to the Amended Complaint, on November 19, 2007, ASCO filed its Answer to the

Amended Complaint ("Answer to Amended Complaint").  *See* Answer to Amended Complaint

attached as Exhibit D to Burger Dec.  In its Answer to Amended Complaint, ASCO for the very

first time answered the Second Claim.  *See* Answer to Amended Complaint at ¶¶ 45-52.  The

Answer to Amended Complaint, which is the first pleading directed to the Second Claim,

includes a jury demand pursuant to Fed. R. Civ. P. 38(b).

9.    EAG did not serve its first discovery request to ASCO until November 20, 2007,

which is the day after ASCO served and filed its Answer to Amended Complaint.  On January

31, 2008 – the date which marked the close of discovery except for certain limited matters

authorized by this Court at the January 29, 2008 discovery conference – EAG moved to strike

ASCO's jury demand.

Executed this 11th day of February, 2008
New York, New York


/s/ Eric B. Fisher
Eric B. Fisher