UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE EDWARD ANDREWS GROUP INC.,      :

                       Plaintiff,         :     07 Civ. 4607 (AJP)

       -against-                                    :

ADDRESSING SERVICES COMPANY, INC.,  :

                      Defendant.        :
------------------------------------------------------------X

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION
## TO STRIKE DEFENDANT'S JURY DEMAND

### PRELIMINARY STATEMENT

Plaintiff The Edward Andrews Group Inc. ("EAG") submits this reply memorandum of law in further support of its motion to strike the jury demand of Defendant Addressing Services Company, Inc. ("ASCO").

ASCO makes arguments that are inconsistent with, and belied by, the history of this action. ASCO also purports to rely upon an inapplicable rule, and cases based on dramatically different circumstances. ASCO, however, offers barely any argument at all addressing the fact that the amended complaint did not change the issues in this case. Since the amended complaint did not change the basic issues to be tried, but rather added detail to the existing unjust enrichment claim, governing Second Circuit precedents establish that ASCO waived any jury demand. ASCO's jury demand therefore should be stricken.

## **ARGUMENT**

## **THE AMENDED COMPLAINT DID NOT CHANGE THE ISSUES IN THIS ACTION, AND THEREFORE DID NOT REVIVE ASCO'S RIGHT TO DEMAND A JURY TRIAL**

The original complaint in this action asserted two claims: breach of contract and, in the alternative, unjust enrichment. Both of those claims were based on EAG's claimed entitlement to a fee with respect to an Extraordinary Transaction between ASCO and Blue Point. ASCO now argues that it retained the right to demand a jury as to EAG's second claim for unjust enrichment, and ASCO apparently concedes that it waived a jury trial of the breach of contract claim. Accordingly, in the event that EAG discontinues the unjust enrichment claim prior to trial, ASCO has not demanded a jury. In any event, ASCO did not retain the right to demand a jury for the unjust enrichment claim.

On July 13, 2007, ASCO filed a motion to dismiss only the unjust enrichment claim of the original complaint, and filed an answer to the original complaint. ASCO's answer did not admit or deny the allegations of the unjust enrichment claim, but referred to the pending motion to dismiss that claim. The breach of contract and unjust enrichment claims in the original complaint both incorporated by reference paragraphs 1 through 29 of the original complaint. The unjust enrichment claim also incorporated by reference paragraphs 31 through 33 from the breach of contract claim and added eight additional paragraphs specific to the unjust enrichment claim. In other words, both the breach of contract claim and the alternative unjust enrichment claim were based on the same underlying facts and circumstances.

ASCO now claims that its right to demand a jury is based on the resolution of its motion to dismiss the unjust enrichment claim, which led to the filing of the amended complaint. However, the record establishes that ASCO is being less than forthright with respect to its changed position. The Preliminary Pre-Trial Statement ("Pre-Trial Statement"), dated October 2, 2007, is attached as Exhibit C to the Declaration of Eric B. Fisher, dated February 11, 2008 ("Fisher Declaration"), and submitted by ASCO. The Pre-Trial Statement preceded Judge Swain's determination of ASCO's motion to dismiss, which was decided from the bench on October 9, 2007. See transcript attached as Exhibit D to the Fisher Declaration. In the Pre-Trial Statement, ASCO asserted that the entire case should be tried to a jury, and did not refer to the pending motion to dismiss as having any bearing on the demand for a jury. EAG's position as noted in the Pre-Trial Statement was that ASCO's answer did not include a jury demand, and therefore the jury demand was waived. ASCO's position in the Pre-Trial Statement establishes that ASCO's current argument is an after-the-fact manufactured argument to try to excuse a plain waiver of the jury demand.

ASCO's current hair-splitting argument suggests that ASCO was happy to have a bench trial of the breach of contract claim, but is insistent on a jury trial of the alternative unjust enrichment claim. This is nonsensical, and is contrary to ASCO's position stated in the Pre-Trial Statement. Both claims arise from services provided to ASCO and relate to the fee due with respect to the ASCO/Blue Point transaction.

If ASCO had moved to dismiss the entire original complaint, and did not file any answer, it is clear that ASCO would not have been required to make an election as to a jury demand until an answer was filed. ASCO cites no authority whatsoever for

the proposition that, when a complaint alleges two alternative claims based on the same underlying circumstances, the answer to that complaint can waive a jury demand as to one claim but preserve the right to later demand a jury as to the other claim after a dismissal motion is decided.

ASCO's purported reliance on McCarthy v. Bronson, 906 F.2d 835, 840 (2d Cir. 1990), fails because in that case the defendant never filed an answer until after the second amended complaint was filed. Under those circumstances, the answer could clearly demand a jury. ASCO, however, filed an answer to the original complaint and is bound by the failure to demand a jury in that answer.

ASCO devotes one paragraph, without the citation to any authority, to the argument that the amended complaint changed the issues in this action. The only alleged difference cited by ASCO is the assertion that the original complaint never alleged that EAG actually rendered services of value to ASCO. In fact, as detailed in EAG's moving papers, the original complaint alleged, at paragraph 31, that EAG had performed and/or had proffered its performance of all of its obligations under the Investment Banking Agreement. An important issue in this case is that ASCO precluded EAG from performing any services with respect to the Blue Point transaction, as alleged in paragraphs 14-18 of the original complaint and as reiterated in paragraphs 19-23 of the amended complaint.

The allegation in the original complaint that EAG had performed and/or proffered services, and the very nature of EAG's unjust enrichment claim in the original complaint, put ASCO on notice that the trial of this case would include issues concerning whatever services were provided or proffered. The amended complaint simply added

detail as to the description of the services that were rendered. Under the well-settled Second Circuit precedents cited in EAG's moving papers, an amended complaint that adds details to pre-existing claims does not revive the defendant's right to demand a jury.

ASCO's purported reliance on other cases is entirely misplaced. In Raymond v. IBM, 148 F.3d 63, 66-67 (2d Cir. 1998), the Second Circuit permitted the late filing of a jury demand where "memoranda of law filed with the court by both parties, and the court's own summary judgment opinion, appear to assume that the case would ultimately be tried to a jury." Such was certainly not true in the instant case. In Landau v. Nat'l RR Passenger Corp., 97 F.R.D. 723, 725 (S.D.N.Y. 1983), the plaintiff alleged that he was wrongfully detained and beaten by police officers and falsely and maliciously charged with disorderly conduct and loitering, charges that were subsequently dismissed in Criminal Court. Judge Sand permitted the late filing of a jury demand because the case was of the "sort [that] is usually or classically tried by a jury." A simple breach of contract and unjust enrichment case does not involve any such considerations.

ASCO also asserts, without benefit of authority, that EAG should have moved to strike ASCO's jury demand within 20 days pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) concerns a motion to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While EAG does not believe that ASCO had any right to demand a jury, EAG does not believe that the jury demand is scandalous or otherwise within the purview of Rule 12(f). The disputed positions of the parties as to the jury demand were expressly set forth in the

Case 1:07-cv-04607-AJP   Document 42   Filed 02/15/2008   Page 6 of 7

Pre-Trial Statement, but Judge Swain chose to leave that issue to be determined at an unspecified later date.

ASCO argues that EAG elected not to move to strike the jury demand until after the conclusion of almost all discovery and that "ASCO conducted discovery in this case, including depositions, in reliance on the validity of its jury demand and should not be deprived of its jury right at this late date." ASCO brief, at p. 7. The Pre-Trial Statement was filed before any discovery was taken, and the Pre-Trial Statement plainly expressed EAG's position that ASCO had waived its jury demand. A conference was held before this Court on January 2, 2008, after document discovery had largely been completed but prior to any depositions being taken. At the January 2, 2008 conference, EAG's counsel argued that the jury demand should be stricken, and this Court directed that any motion to strike the jury demand was to be filed by the end of January. In compliance with this Court's direction, EAG's counsel also provided copies of governing Second Circuit precedents to EAG's counsel shortly after the January 2, 2008 conference.

ASCO took all discovery in this case fully aware of EAG's position that the jury demand had been waived. Moreover, ASCO participated in all of the depositions in this case fully aware of the argument on this point at the January 2, 2008 conference, and after receiving the governing Second Circuit precedents. It is frivolous and a misrepresentation for ASCO to assert that it conducted discovery "in reliance on the validity of its jury demand."

## CONCLUSION

For all of the reasons stated above and in the papers and proceedings heretofore had herein, plaintiff EAG's motion to strike defendant ASCO's jury demand should be granted.

Dated: February 14, 2008

                         ROBINSON BROG LEINWAND GREENE
                         GENOVESE & GLUCK P.C.

By: _____
     David C. Burger (DB-8666)
1345 Avenue of the Americas
New York, New York 10105
(212) 603-6361
**Attorneys for Plaintiff**
**The Edward Andrews Group Inc.**