UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

THE EDWARD ANDREWS GROUP INC.,          :

              Plaintiff,              :    07 Civ. 4607 (AJP)

          -against-                  :    **OPINION & ORDER**

ADDRESSING SERVICES COMPANY, INC.,       :

             Defendant.              :

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

Presently before the Court is the motion of plaintiff The Edward Andrews Group, Inc. ("EAG") to strike defendant's jury demand. (See Dkt. No. 35: EAG Notice of Motion to Strike Def.'s Jury Demand.)

For the reasons stated below, EAG's motion is DENIED.

## FACTS

The facts are not in dispute.

Plaintiff's complaint, which asserted claims for breach of contract and unjust enrichment, did not request a jury. (See Dkt. No. 1: Compl.) On July 31, 2007, defendant Addressing Services Company, Inc. ("ASCO") moved to dismiss the second claim (unjust

enrichment) and answered the first claim (breach of contract). (Dkt. No. 7: Motion to Dismiss; Dkt. No. 9: Answer.) That answer did not contain a jury demand.

On October 2, 2007, the parties filed a "Preliminary Pretrial Statement," as required by Judge Swain's rules. (See Dkt. No. 20: Preliminary Pretrial Statement.) The Preliminary Pretrial Statement contained the following language about jury versus bench trial:

> Q.   **Trial**
>
> Plaintiff EAG states that this case should be tried without a jury, and estimates that its case will be presented in one trial day. Defendant ASCO states that this case should be tried to a jury and estimates that its case will be presented in one trial day. EAG states that ASCO's answer did not include any jury demand and therefore EAG asserts that ASCO has waived any jury demand.

(Prelim. Pretrial Stmt. ¶ Q.)

On October 9, 2007, Judge Swain granted ASCO's motion to dismiss EAG's second claim (unjust enrichment) but allowed EAG to amend. (See Dkt. No. 30: 10/9/07 Conf. Tr. at 6-7.) EAG filed its amended complaint on October 19, 2007 (Dkt. No. 27), and ASCO answered the amended complaint on November 19, 2007 (Dkt. No. 28). ASCO's Answer to the Amended Complaint contained a jury demand (¶ 61).

Discovery only commenced after ASCO's Answer to the Amended Complaint. (See Dkt. No. 40: 2/11/08 Fisher Aff. ¶ 9.)

## ANALYSIS

Federal Rule of Civil Procedure 38 provides:

>    **(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by federal statute – is preserved to the parties inviolate.
>
>    **(b) Demand.** On any issue triable of right by a jury, a party may demand a jury trial by:
>
>    >    (1) serving the other parties with a written demand – which may be included in a pleading – no later than 10 days after the last pleading directed to the issue is served; and
>
>    >    (2) filing the demand in accordance with Rule 5(d).
>
>    . . . .
>
>    **(d) Waiver, Withdrawal.** A party waives a jury trial unless its demand is properly served and filed. . . .

Plaintiff relies on Lanza v. Drexel & Co., 479 F.2d 1277, 1310 (2d Cir. 1973), Rosen v. Dick, 639 F.2d 82, 96 (2d Cir. 1980), and McCarthy v. Bronson, 906 F.2d 835, 840 (2d Cir. 1990), aff'd, 500 U.S. 136, 111 S. Ct. 1737 (1991), for the proposition that "'[i]f the original complaint is subsequently amended, the right to demand a jury trial is revived in an action such as this only if the amendment changes the issues.'" (Dkt. No. 37: EAG Br. at 2-3, quoting Lanza v. Drexel & Co., 479 F.2d at 1310.)

ASCO responds that its Answer to the Amended Complaint was the <u>first</u> pleading to respond to plaintiff's second claim, and relies on McCarthy v. Bronson, 906 F.2d at 840. (Dkt. No. 39: ASCO Opp. Br. at 4-5.) In McCarthy, plaintiff did not demand a jury in its original complaint or its first amended complaint – neither of which were answered by defendant – but only in its second amended complaint. Judge Newman explained in McCarthy that "no answer was filed to

either the original complaint or the first amended complaint. The answer to the second amended complaint was not filed until . . . after plaintiff had made a jury demand. There was thus no waiver by reason of a late demand." McCarthy v. Bronson, 906 F.2d at 840 (the Second Circuit did find a waiver from other conduct not relevant to the present case).

The Court believes defendant ASCO has the better argument. If defendant had not moved to dismiss but had answered (in full) the original EAG complaint, without demanding a jury, Lanza would deprive ASCO of the right to demand a jury in its answer to EAG's amended complaint. Here, however, defendant ASCO had moved against the original complaint.[1] Defendant ASCO's Answer to the Amended Complaint thus was its <u>first</u> pleading directed to the second claim, and it demanded a jury trial. This situation is more like McCarthy than like Lanza.[2]

---

[1] Many lawyers moving to dismiss one claim in a two claim complaint would not have filed an answer until the motion was decided. ASCO did so, which complicates matters but should not change the analysis. Indeed, EAG concedes that "[i]f ASCO had moved to dismiss the entire original complaint, and did not file any answer, it is clear that ASCO would not have been required to make an election as to a jury demand until an answer was filed." (Dkt. No. 42: EAG Reply Br. at 3-4.)

[2] Plaintiff EAG asserts that if EAG had not amended its complaint, ASCO's answer to the first claim (breach of contract) would have resulted in a waiver of the right to a jury trial. That appears to be correct. EAG also asserts that "[d]efendant had previously answered the First Claim and failed to demand a jury. Accordingly, if the Second Claim is discontinued, defendant has failed to demand a jury." (Burger 2/19/08 Letter to Court.) The Court need not address that issue unless (and until) plaintiff EAG were to dismiss its second claim with prejudice.

Finally, even if the Court were to find that defendant had not made a timely jury demand, that would not end the matter. The Court has discretion under Federal Rule of Civil Procedure 39(b), which provides:

> **(b) When No Demand Is Made.** Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Without regard to whether the Court's discretion under Rule 39(b) should be liberally construed (to preserve the right to a jury trial) or used only in exceptional circumstances (so as not to interfere with Rule 38's requirements), see generally 9 Wright & Miller, Federal Practice & Procedure: Civil 3d § 2334 (2008), the Court finds that this is an appropriate case to exercise its discretion and allow ASCO's jury demand.[3] Discovery was conducted with the parties' knowledge that ASCO was demanding a jury (and that EAG was opposing same). If the Lanza rule were to be held to deprive ASCO of a jury here, it would only be because ASCO moved to dismiss the second claim and simultaneously answered the first claim, instead of just filing a partial motion to dismiss. Thus, if necessary, the Court finds it appropriate to exercise its Rule 39 discretion in this case.[4]

---

[3] While ASCO relied on cases under Rule 39 (Dkt. No. 39: ASCO Opp. Br. at 6-7, 8 n.5), EAG's reply brief spent only a paragraph on the issue, merely attempting to distinguish one of the cases which allowed a late jury demand because the case was of the type "classically tried by jury," and claiming that a simple breach of contract case is different. (Dkt. No. 42: EAG Reply Br. at 5.) The Court disagrees -- a breach of contract case also is traditionally tried by a jury.

[4] This approach has the additional benefit that if the Second Circuit were to conclude that ASCO was not entitled to a jury trial (as of right or even as a matter of judicial discretion), the jury could be considered to be an advisory jury pursuant to Fed. R. Civ. P. 39(c), and the case would not have to be re-tried.

## CONCLUSION

For the reasons set forth above, plaintiff EAG's motion (Dkt. No. 35) to strike ASCO's jury demand is <u>DENIED</u>.

The Pretrial Order remains due March 3, 2008 as previously scheduled. My chambers will email counsel my voir dire and jury instruction packet. The Court expects a true <u>Joint</u> Pretrial Order.

SO ORDERED.

Dated:   New York, New York
         February 20, 2008

_____
Andrew J. Peck
United States Magistrate Judge

Copies **by fax & ECF** to:   David C. Burger, Esq.
                              Eric B. Fisher, Esq.

H:\OPIN\EDWARDANDREWSGROUP