UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE EDWARD ANDREWS GROUP INC.,         :
                                                                                07 Civ. 4607 (AJP)
                Plaintiff,         :

      -against-                                         :

ADDRESSING SERVICES COMPANY, INC.,  :

                Defendant.         :
------------------------------------------------------X

### AFFIDAVIT OF DAVID C. BURGER

STATE OF NEW YORK    )
                                          ) ss.:
COUNTY OF NEW YORK )

       **DAVID C. BURGER**, being duly sworn, deposes and says:

      1.    I am an attorney admitted to practice before this Court and am of counsel to Robinson Brog Leinwand Greene Genovese & Gluck P.C., attorneys for Plaintiff The Edward Andrews Group Inc. ("EAG") in the above-captioned action. I submit this affidavit in support of EAG's motion in limine to bar Defendant Addressing Services Company, Inc. ("ASCO") from introducing any evidence and argument at the trial of this action in support of: (a) any purported claim that this action is barred, in part or in whole, by the proceedings, judgment and settlement of the judgment in the prior litigation captioned The Edward Andrews Group Inc. v. Addressing Services Company, Inc., 04 Civ. 6731 (S.D.N.Y.); and (b) any purported claim that any unexecuted release is a bar to any recovery by EAG under its breach of contract claim, or that any such release forms any bar to EAG's claim for unjust enrichment.

A.      **The Prior Action Does Not Give Rise To Any Defense To The Instant Action**

2.      I was counsel of record for EAG in a prior action before this Court, captioned: The Edward Andrews Group Inc. v. Addressing Services Company, Inc., 04 Civ. 6731 (S.D.N.Y.) ("Prior Action").

3.      The Prior Action sought payment of past due and accelerated future monthly consulting fees due pursuant to a consulting agreement, dated January 13, 2004 ("Consulting Agreement"). A copy of the Complaint in the Prior Action is attached hereto as Exhibit A, and a copy of the Consulting Agreement is attached as Exhibit A to the Complaint.

4.      Summary judgment was granted in the Prior Action in favor of EAG and against ASCO in the amount of $495,786.25 on December 20, 2005 ("Judgment"). A copy of the Judgment is attached hereto as Exhibit B.

5.      A post-Judgment settlement conference was held in the Prior Action on May 26, 2006, before United States Magistrate Judge Andrew J. Peck. A settlement of the Judgment was agreed upon at that conference ("Settlement"). A copy of the transcript of the Settlement ("Transcript") is attached hereto as Exhibit C. The transcript reflects that the Settlement consisted of a payment schedule for payment of the Judgment at a small discount:

> "The parties have agreed to have the defendant pay the outstanding judgment in the following fashion:
>
> "All payments to be made by certified check, to be delivered to Mr. Burger at the Robinson Brog firm on or before the due date.
>
> "The first payment in the sum of $100,000 will be delivered on or before June 2, 2006. The second payment in the sum of $50,000 is due 50 days from today. The third payment, the sum of $224,000 is due 100 days from today. And the final payment of $225,000 is due 150 days from today.
>
> "The total of all four payments being $399,000."

Transcript at pp. 2-3.

6. The Settlement did not include the exchange of any releases between EAG and ASCO.

7. The Prior Action did not assert any claim whatsoever with respect to the investment banking agreement, dated January 13, 2004 ("Investment Banking Agreement"), which forms the gravamen of the instant action. A copy of the complaint in the instant action is attached hereto as Exhibit D, and a copy of the Investment Banking Agreement is attached as Exhibit B to the complaint.

8. Whereas EAG was entitled to payment of monthly consulting fees under the Consulting Agreement, EAG was entitled to a fee under the terms of the Investment Banking Agreement only upon the occurrence of an "Extraordinary Transaction" as defined in the Investment Banking Agreement.

9. Paragraph 28 of the complaint in the instant action states that EAG's claim for a fee pursuant to the Investment Banking Agreement arose as the result of a transaction between ASCO and Blue Point Capital Partners that occurred on or about March 16, 2007, which was an "Extraordinary Transaction" as that term is defined in the Investment Banking Agreement. See Exhibit D, at ¶ 28.

10. EAG never made any claim for a fee under the Investment Banking Agreement in the Prior Action. EAG did not have a ripe claim for a fee under the Investment Banking Agreement until in or about March 2007, long after the December 20, 2005 Judgment in the Prior Action, long after the May 26, 2006 Settlement, and long after the final payment made under the Settlement.

11. As a matter of indisputable fact, the adjudication of the Prior Action did not include the litigation of any claim that is asserted in the instant action, and the Settlement of the payment of the Judgment resulting from the Prior Action did not include any releases. The Prior Action therefore does not constitute any defense to the instant action, and ASCO should therefore be barred from introducing any evidence and argument at the trial of this action in support of any purported claim that this action is barred, in part or in whole, by the proceedings, Judgment and Settlement in the Prior Action.

### B. EAG's Claims In the Instant Action Would Not Be Barred By Any Purported Release

12. ASCO relies upon one or more unexecuted releases in support of its claim that EAG is barred from asserting the breach of contract and unjust enrichment claims plead in the instant action. It is undisputed that no executed release exists by which EAG released claims against ASCO. EAG disputes the suggestion that any release associated with the Consulting Agreement was to have been executed other than those releases that actually were executed. Assuming, arguendo, for the purposes of this motion only, that the unexecuted releases relied upon by ASCO should have been executed, those releases do not bar EAG's claims in the instant action.

13. Attached hereto as Exhibit E is a copy of the unexecuted releases for EAG relied upon by ASCO and included as Defendant's Exhibits J through P in the Proposed Joint Pre-Trial Order. Every one of those releases includes the same language defining the subject matter of the release, as follows:

> "...releases...all actions, causes of action ... whatsoever, arising out of and/or concerning the introduction by RELEASOR of Jeffrey Klein and ASCO, and the business opportunity and/or business relationship that ensued between Jeffrey Klein, and/or his agents and family

members, and ASCO, except that this release does not release any claims, causes of action, etc. arising out of a Consulting Agreement made as of the __ day of January, 2004, between ASCO and The EDWARD ANDREWS GROUP INC."

14. The purported, unexecuted releases are all limited to the subject matter of EAG introducing Jeffrey Klein and ASCO, and the ensuing business opportunity and relationship between Jeffrey Klein and ASCO.

15. The Investment Banking Agreement provided for a fee to be paid to EAG in the event that ASCO entered into an "Extraordinary Transaction" within certain periods of time after the execution of the Investment Banking Agreement. EAG is claiming a fee under the Investment Banking Agreement with respect to a transaction between ASCO and Blue Point Capital Partners that took place on or about March 7, 2007 ("Blue Point Transaction").

16. EAG's claim for a fee relating to the Blue Point transaction is not within the subject matter of the purported, unexecuted releases, which are limited to issues relating to Jeffrey Klein.

17. EAG also asserts a claim in this action for unjust enrichment. That claim is based on valuable services that EAG provided to ASCO during the period from approximately 1999 through mid-2004, which largely pre-dated the introduction of Jeffrey Klein and ASCO, and therefore necessarily addressed subjects completely unrelated to Jeffrey Klein's relationship with ASCO. In addition, the evidence will show that the services provided by EAG to ASCO after the introduction of Jeffrey Klein and ASCO related to other subjects.

18. EAG's claim for unjust enrichment is not within the subject matter of the purported, unexecuted releases, which are limited to issues relating to Jeffrey Klein.

19. As a matter of indisputable fact, EAG's claims for breach of the Investment Banking Agreement and unjust enrichment do not come within the subject matter of the purported, unexecuted releases. Those purported releases therefore do not constitute any defense to the instant action. ASCO should be barred from introducing any evidence and argument at the trial of this action in support of any assertion that EAG's claims are barred by any purported release.

20. For the reasons stated above and in the accompanying memorandum of law, this Court should grant EAG's motion in limine to bar ASCO from introducing any evidence and argument at the trial of this action in support of: (a) any purported claim that this action is barred, in part or in whole, by the proceedings, Judgment and Settlement in the Prior Action; and (b) any purported claim that any unexecuted release is a bar to any recovery by EAG on its breach of contract claim, or that any such release forms any bar to EAG's claim for unjust enrichment.

_____
DAVID C. BURGER

Sworn to before me this
6th day of March 2008

_____
Notary Public

JOANNE BRENNAN
Notary Public, State of New York
No. 01BR6173507 Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Sept. 10, 20 11