UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE EDWARD ANDREWS GROUP INC.,          :

                  Plaintiff,          :       07 Civ. 4607 (AJP)

    -against-                                         :

ADDRESSING SERVICES COMPANY, INC.,      :

                  Defendant.          :
------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION IN LIMINE

### PRELIMINARY STATEMENT

Plaintiff The Edward Andrews Group Inc. ("EAG") submits this memorandum of law in support of it motion in limine. Defendant Addressing Services Company, Inc. ("ASCO") intends to raise two arguments at trial which are groundless, which rely upon immaterial and inadmissible evidence, and which would only serve to distract and mislead the jury. ASCO should be barred from introducing any evidence and argument at the trial of this action in support of: (a) any purported claim that this action is barred, in part or in whole, by the proceedings, judgment and settlement of the judgment in the prior litigation captioned The Edward Andrews Group Inc. v. Addressing Services Company, Inc., 04 Civ. 6731 (S.D.N.Y.); and (b) any purported claim that any unexecuted release is a bar to any recovery by EAG under the Investment Banking Agreement, or that any such release forms any bar to EAG's claim for unjust enrichment.

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying affidavit of David C. Burger, sworn on March 6, 2008 ("Burger Affidavit"), for a statement of the facts relating to the instant motion.

## ARGUMENT

### I

### THE PRIOR ACTION BETWEEN EAG AND ASCO DID NOT RAISE OR RELEASE ANY CLAIM ASSERTED IN THE INSTANT ACTION

A prior action can have a preclusive effect with respect to subsequent claims if the subsequent claims were decided or released in the prior action. ASCO's own proposed jury instructions in this action acknowledge that: "A valid release constitutes a complete bar to an action on a claim <u>which is the subject of the release</u>." <u>Citing</u> N.Y. Pattern Jury Instr.-Civil: 4.1, comment at p. 657, 2008 Ed. (West Group) (emphasis added).

The Burger Affidavit describes the prior action between EAG and ASCO, captioned <u>The Edward Andrews Group Inc. v. Addressing Services Company, Inc.</u>, 04 Civ. 6731 (S.D.N.Y.) ("Prior Action"). The breach of contract claim and the unjust enrichment claim asserted by EAG in the instant action were neither raised nor decided in the Prior Action. In fact, EAG's claims in the instant action did not arise until long after summary judgment was entered in the Prior Action, long after the parties agreed to a settlement of the judgment, and long after payment of the settlement. The Prior Action did not include any releases whatsoever between the parties.

ASCO's pre-marked trial exhibits in the instant action include various documents relating to the Prior Action, including the complaint, docket sheet and a letter that EAG's

counsel wrote to ASCO's counsel concerning the payment schedule for the settlement of the judgment in the Prior Action. <u>See</u> Defendant's trial exhibits V through Z. Admitting those exhibits and any other related evidence would be likely to unfairly and improperly distract and mislead the jury into believing that the settlement of the judgment in the Prior Action somehow should be viewed as precluding the current action. ASCO's attempt to introduce this evidence does not appear to have any purpose other than telling the jury that ASCO previously paid a sum of money to EAG, in the hope that the jury will find that to be sufficient despite the fact that the Prior Action did not involve any of the claims asserted in the instant action.

There is no basis in law or in fact for the Prior Action to have any preclusive effect with respect to the instant action. Accordingly, ASCO should be barred from introducing any evidence and argument at the trial of this action in support of any purported claim that this action is barred, in part or in whole, by the proceedings, judgment and settlement of the judgment in the Prior Action.

II

### ASSUMING, ARGUENDO, THAT THE PURPORTED, UNEXECUTED RELEASES RELIED UPON BY ASCO ARE EFFECTIVE, THEY WOULD NOT BAR EAG'S CLAIMS IN THE INSTANT ACTION

The Burger Affidavit describes and attaches as exhibits the purported, unexecuted releases that ASCO argues should have been executed as part of a consulting agreement signed by EAG and ASCO on or about January 13, 2004 ("Consulting Agreement"). To the extent that ASCO is permitted to raise these releases at trial, EAG will present evidence that the purported, unexecuted draft releases were never agreed upon, and that they were superseded by the forms of releases that were actually executed and delivered. However, assuming <u>arguendo,</u> and for the purposes of this motion only, that the purported, unexecuted releases should have been executed

as part of the agreement between the parties, those releases would have no preclusive effect on the instant action because the releases are expressly limited to an unrelated subject matter.

As detailed in the Burger Affidavit, each of the purported, unexecuted releases by EAG relied upon by ASCO includes the following language defining the subject matter of the release:

> "...releases...all actions, causes of action ... whatsoever, arising out of and/or concerning the introduction by RELEASOR of Jeffrey Klein and ASCO, and the business opportunity and/or business relationship that ensued between Jeffrey Klein, and/or his agents and family members, and ASCO, except that this release does not release any claims, causes of action, etc. arising out of a Consulting Agreement made as of the __ day of January, 2004, between ASCO and The EDWARD ANDREWS GROUP INC."

The purported, unexecuted releases are all limited to the subject matter of EAG introducing Jeffrey Klein and ASCO, and the ensuing business opportunity and relationship between Jeffrey Klein and ASCO. EAG's claims in the instant action are not based on that subject matter.

EAG's breach of contract claim in this action relates to a fee due under an investment banking agreement with respect to a transaction between ASCO and Blue Point Capital Partners that took place on or about March 7, 2007 ("Blue Point Transaction"). That claim is not within the subject matter of the purported, unexecuted releases, which are limited to issues relating to Jeffrey Klein.

EAG also asserts a claim in this action for unjust enrichment. That claim is based on valuable services that EAG provided to ASCO during the period from approximately 1999 through mid-2004, which largely pre-dated the introduction of Jeffrey Klein and ASCO, and therefore necessarily addressed subjects completely unrelated to Jeffrey Klein's relationship with

ASCO. In addition, the evidence will show that the services provided by EAG to ASCO after the introduction of Jeffrey Klein and ASCO related to other subjects. EAG's claim for unjust enrichment is not within the subject matter of the purported, unexecuted releases.

The purported, unexecuted releases do not constitute any defense to the instant action. If those unexecuted releases are admitted into evidence, it is likely that the jury will be confused, distracted and mislead into believing that those releases have a bearing on EAG's claims in this action, when in fact the unexecuted releases are expressly limited to an unrelated subject matter.

## CONCLUSION

For all of the reasons stated above and in the accompanying Burger Affidavit, EAG's motion in limine should be granted and an order should be entered precluding ASCO from introducing any evidence and argument at the trial of this action in support of: (a) any purported claim that this action is barred, in part or in whole, by the proceedings, judgment and settlement of the judgment in the prior litigation captioned The Edward Andrews Group Inc. v. Addressing Services Company, Inc., 04 Civ. 6731 (S.D.N.Y.); and (b) any purported claim that any unexecuted release is a bar to any recovery by EAG under the Investment Banking Agreement, or that any such release forms any bar to EAG's claim for unjust enrichment.

Dated: March 6, 2008

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

By: _____
David C. Burger (DB-8666)
1345 Avenue of the Americas
New York, New York 10105
(212) 603-6361
**Attorneys for Plaintiff**