USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
THE EDWARD ANDREWS GROUP INC.,      :

                    **Plaintiff,**      :

    -against-      :

ADDRESSING SERVICES COMPANY, INC.,   :

                **Defendant.**      :
-------------------------------------------------------X

07 Civ. 4607 (AJP)

[PROPOSED]
JOINT
PRE-TRIAL
ORDER

In compliance with the Court's Individual Practices, Plaintiff The Edward

Andrews Group Inc. ("EAG"), by its attorneys Robinson Brog Leinwand Greene

Genovese & Gluck P.C., and Defendant Addressing Services Company, Inc. ("ASCO"),

by its attorneys Morgenstern Fisher & Blue, LLC, submit this Proposed Pre-Trial Order:

      **A. Trial** - Pursuant to this Court's prior ruling, this case will be tried

before a jury, subject to the undetermined issue as to whether this case would be tried

with or without a jury in the event that EAG's claim for unjust enrichment is

discontinued. EAG and ASCO anticipate that a jury trial will require two or three trial

days.

      **B. Stipulations of Fact** – EAG and ASCO stipulate to the following

facts. EAG and ASCO propose that the stipulated facts (other than fact "1") be stated to

the jury at appropriate times during the testimony of witnesses.

    1. This action is governed by New York law.

1

2. The Investment Banking Agreement, dated January 13, 2004, was signed by Timothy E. Brog on behalf of Plaintiff EAG and was signed by Michael Rittlinger on behalf of Defendant ASCO.

3. EAG sent a letter, dated October 10, 2005, to ASCO ("October 10, 2005 Letter").

4. ASCO did not reply to the October 10, 2005 Letter.

5. EAG sent a letter, dated November 3, 2005, to ASCO ("November 3, 2005 Letter").

6. ASCO did not reply to the November 3, 2005 Letter.

7. The transaction between ASCO and Blue Point that occurred on or about March 16, 2007, was within 24 months following the termination of any relationship between ASCO and Jeffrey Klein.

8. EAG and ASCO stipulate that the Consideration involved in the Blue Point transaction with ASCO was in excess of $10 million, but EAG and ASCO do not agree as to the total amount of Consideration over $10 million.

**C. Issues To Be Tried** (EAG and ASCO have agreed to these joint statements of the issues on the understanding that these statements are for the benefit of the Court and the parties, and these statements will not be read to the jury).

1. Whether the settlement referenced in paragraph 3 of the Investment Banking Agreement constituted consideration provided by EAG to ASCO in exchange for ASCO's obligations under the Investment Banking Agreement, including but not limited to the obligation to pay a fee to EAG?

2

2.    Whether ASCO excluded EAG from providing any services under the Investment Banking Agreement and having any role with respect to the transaction between ASCO and Blue Point?

3.    If the answer to issue 2 is yes, whether ASCO was justified in excluding EAG?

4.    Whether EAG breached the Investment Banking Agreement by failing to perform any obligations thereunder.

5.    Whether ASCO breached the Investment Banking Agreement by failing to pay EAG a 4% fee with respect to all Consideration, as that term is defined in the Investment Banking Agreement, in connection with the transaction between ASCO and Blue Point?

6.    If the answer to issue 5 is yes, what was the amount of the Consideration, as that term is defined in the Investment Banking Agreement, as to which EAG is entitled to a 4% fee?

7.    Whether EAG provided advice and services to ASCO from 1999 to mid-2004? **[ASCO objects to this issue based on relevance. ASCO contends that services rendered before the effective date of the Investment Banking Agreement are not probative of any relevant issue. EAG contends that the jury will not consider the unjust enrichment claim unless the Investment Banking Agreement is determined to be unenforceable. In that event, the jury may consider any services performed by EAG that result in ASCO being unjustly enriched, whether or not those services were before the date of an unenforceable contract.]**

3

8.      Whether ASCO is unjustly enriched at the expense of EAG if ASCO does not pay a fee to EAG with respect to the transaction between ASCO and Blue Point?

9.      If the answer to issue 8 is yes, what is the amount by which ASCO is unjustly enriched?

10.     Whether the claims asserted by EAG are barred by a release?

11.     Whether any services performed by EAG for ASCO were of benefit to ASCO?

12.     Whether EAG's claim for unjust enrichment is barred by the defense of unclean hands?

> NOTE:  ASCO asserts that, if it prevails on the release defense, it is entitled to attorneys' fees under the Consulting Agreement.  ASCO identifies the issue of attorneys' fees as another issue to be tried.  EAG reserves all objections as to whether or not ASCO would be entitled to an award of attorneys' fees under any circumstances, and contends that any issue concerning a claim for attorneys' fees is to be determined by the Court and not by a jury.

## D. Witness List (And Objections)

**Plaintiff EAG – Plaintiff reserves the right to call additional witness(es) for the purposes of impeachment or rebuttal.**

1.      Timothy E. Brog, on behalf of EAG, will testify concerning subjects including, but not limited to, the Investment Banking Agreement and related

documents (including the settlement giving rise to the Investment Banking Agreement), the Consulting Agreement (including the releases thereto, and drafts of the releases), the consideration provided by EAG for the Investment Banking Agreement, services performed by EAG for ASCO pre-dating and post-dating the Investment Banking Agreement, EAG's offers to provide services with respect to the transaction between ASCO and Blue Point, ASCO's intentional exclusion of EAG from performing any services with respect to the Blue Point transaction, the benefits derived by ASCO from the services provided by EAG (as indicated by, inter alia, the terms of the Blue Point transaction), ASCO's breach of the Investment Banking Agreement, ASCO's unjust enrichment at the expense of EAG, the fee owed by ASCO to EAG which will be determined at trial but which is believed to be 4% of approximately $19 million, and any issue raised by ASCO as a defense.

2.      David Renouf, Bardaglio Hart & Shuman, by deposition, with respect to his firm's role as accountants to ASCO and Michael Rittlinger, the ASCO financial documents and other documents marked as exhibits in Renouf's deposition, the excessive salaries and personal expenses charged by Rittlinger and/or his family to ASCO which constituted "add-backs" for the purpose of the Blue Point transaction (and which constituted Consideration as that term is defined in the Investment Banking Agreement), and other issues addressed in the designated portions of Renouf's deposition.

3.      Michael Rittlinger, ASCO, with respect to the transaction between ASCO and Blue Point (including but not limited to the purchase price), and the excessive salaries and personal expenses charged by Rittlinger and/or his family to ASCO which

constituted "add-backs" for the purpose of the Blue Point transaction (and which

constituted Consideration as that term is defined in the Investment Banking Agreement).

**Defendant ASCO – Defendant reserves the right to call**

**additional witness(es) for the purpose of impeachment.**

i.    Michael Rittlinger, 5 Deann Lynn Circle, Windsor, CT 06095

- Resolution of the dispute between ASCO and EAG that resulted in the
  releases at issue.

- The releases entered into as part of the Consulting Agreement.

- The amount of attorney's fees incurred in defending this action.

- EAG's failure to render services under the Investment Banking
  Agreement.

- EAG's failure to confer any benefit upon ASCO.

- The financial harm that EAG caused to ASCO and the reasons why
  ASCO could not call upon EAG to render services.

- The amount of consideration received in connection with the Blue
  Point transaction.

- Response to any issue raised in Timothy Brog's trial testimony.

ii.   Kenneth McGovern, 83 Northington Drive, Avon, CT 06001

- Resolution of the dispute between ASCO and EAG that resulted in the
  releases at issue.

- EAG's failure to render services under the Investment Banking
  Agreement.

- EAG's failure to confer any benefit upon ASCO.

- The financial harm that EAG caused to ASCO and the reasons why ASCO could not call upon EAG to render services.

- The amount of consideration received in connection with the Blue Point transaction.

iii.  <u>Nicholas Martinelli, 111 East Road, Broad Brook, CT 06016**</u>

- Resolution of the dispute between ASCO and EAG that resulted in the releases at issue.

- EAG's failure to render services under the Investment Banking Agreement.

- EAG's failure to confer any benefit upon ASCO.

- The financial harm that EAG caused to ASCO and the reasons why ASCO could not call upon EAG to render services.

iv.  <u>John Gleeson, 18 High Meadow, Cambridge, Massachusetts 01213 (Gottesman & Co.)</u>

- EAG's failure to render services under the Investment Banking Agreement.

- The services rendered by Gottesman & Co. in connection with the Blue Point transaction.

- The amount of consideration received in connection with the Blue Point transaction.

v.  <u>Custodian of Records or Information Technology Witness from Robinson Brog Leinwand Greene Genovese & Gluck P.C.</u>

- Defendant's Proposed Trial Exhibits E, G, H, I, J, K, L, M, N, O, and portions of P were received, revised and/or created by the Robinson Brog firm in connection with its representation of EAG.

vi.    David Renouf

- Consideration received in the Blue Point transaction.

**EAG's Objections**

EAG does not object to ASCO's right to call Michael Rittlinger, Kenneth McGovern, Nicholas Martinelli, and John Gleeson as witnesses, but reserves the right to object to any testimony proffered by them including, but not limited to: (a) testimony concerning the amount of attorneys' fees incurred in connection with this action, on the grounds of relevance and that any issue concerning an award of attorneys' fees is for the Court and not a jury; and (b) testimony concerning any alleged financial harm caused by EAG to ASCO, on the grounds of relevance and the fact that no such claim is asserted in any pleading in this action.

EAG objects to ASCO calling any Custodian of Records or Information Technology Witness from EAG's counsel of record. ASCO is attempting to remedy its failure to take adequate discovery by calling a witness that cannot provide relevant and admissible testimony. In response, ASCO asserts that the testimony is relevant to establish that the release was known to EAG at or about the time that the Consulting Agreement was entered into. EAG asserts that the subject release was never agreed to by the parties, and was never executed.

EAG objects to ASCO calling David Renouf. Renouf is a non-party out-of-state witness who was deposed in this action. ASCO attended Renouf's deposition, but failed to ask Renouf any questions. While ASCO may attempt to introduce portions of Renouf's deposition testimony, Renouf should not be permitted to give testimony that would be cumulative to other evidence at trial. It should also be noted that ASCO has

stated an objection to EAG introducing any deposition testimony by Renouf, but at the same time ASCO seeks to call Renouf as a witness.

 **ASCO's Objections** – (The objections set forth below will be the subject of a motion in limine).

 1. ASCO objects to the introduction of any deposition testimony by David Renouf on the basis of relevance.

 2. ASCO objects to the introduction of any testimony concerning "add-backs" on the basis of relevance.

 3. ASCO objects to the introduction of any testimony concerning services rendered by EAG before the date of the Investment Banking Agreement on the basis of relevance.

 **E.  Exhibit List (And Objections)  EAG and ASCO reserve the right to introduce any additional documents for the purpose of impeachment.  EAG reserves the right to introduce any additional documents for the purpose of rebuttal. All exhibits are expected to be offered, other than those marked with an asterisk which may be offered if the need arises.   Deposition exhibits ("dep. ex.  _") are those marked in connection with the above-captioned action.  EAG and ASCO both request that, to the extent appropriate, the following objections be addressed at the Final Pretrial Conference.**

  **Plaintiff EAG**

 1. Brog dep. ex. 15 – 1/13/04 Investment Banking Agreement

 2. Brog dep. ex. 8 – 1/13/04 Consulting Agreement

3.    12/23/03 e-mail (EAG 400).

4.    Rittlinger dep. ex. 2 – Releases.

5.    Unexecuted release (EAG 223).

6.    Unexecuted release (EAG 224).

7.    Undated term sheet (EAG 194).

8.    Rittlinger dep. Ex. 1 – 4/15/04 letter.

9.    Rittlinger dep. ex. 4 – 1/14/04 e-mail.

10.    Rittlinger dep. ex. 6 – 2/3/04 e-mail.

11.    Rittlinger dep. ex. 5 – 5/7/04 e-mail.

12.    Composite exhibit of letter and e-mails, various dates (EAG 196-98, 290, 298, 302-3, 364, 370-71, 373 and 401).

13.    Rittlinger dep. ex. 12 (& Brog dep. ex. 20) – 10/10/05 letter.

14.    Rittlinger dep. ex. 13 (& Brog dep. ex. 21) – 11/3/05 letter.

15.    12/29/03 e-mail (EAG 359).

16.    Brog dep. ex. 3 – 5/2/02 Investment Banking Agreement

17.    Rittlinger dep. ex. 25* - 10/17/06 e-mail.

18.    Rittlinger dep. ex. 15 – 11/106 letter.

19.    Rittlinger dep. ex. 16 – 3/2/07 e-mail.

20.    Rittlinger dep. ex. 26 – Blue Point/ASCO agreement

21.    Rittlinger dep. ex. 21 – EBITDA and add-back documents.

22.    Rittlinger dep. ex. 24 – 12/31/04 EBITDA calculation.

23.    Rittlinger dep. ex. 23 – ASCO 2003 check register (incompl.)

24.    Rittlinger dep. ex. 7 – 1/21/05 letter.*

25.    Rittlinger dep. ex. 11 - 7/29/05-8/26/05 e-mails.*

26.    Rittlinger dep. ex. 10 - Gottesman settlement agreement.*

27.    Renouf dep. ex. 1 – Subpoena

28.    Renouf dep. ex. 2 – Documents produced by Bardaglio Hart & Shuman LLC.

29.    Renouf dep. ex. 3 – Add-back documents

30.    Renouf dep. ex. 4 – ASCO 2004 check register.

31.    Renouf dep. ex. 5 – ASCO 2005 check register.

32.    Renouf dep. ex. 6 – ASCO 2006 check register.

33.    Transcript of deposition of Michael Rittlinger, taken on April 15, 2005, in EAG v. ASCO, 04 Civ. 6731.*

34.    Transcript of deposition of Jeffrey Klein, taken on April 25, 2005, in EAG v. ASCO, 04 Civ. 6731.*

35.    Complaint in EAG v. ASCO, 04 Civ. 6731.*

36.    Transcript of settlement before Hon. Andrew J. Peck, on May 26, 2006, in EAG v. ASCO, 04 Civ. 6731.*

### Defendant ASCO

A.  Letter Agreement dated May 2, 2002 (EAG0031-34).

B.  Agreement of Confidentiality Non-Competition and Non-Circumvention dated June 20, 2003 (A00642).

C.  Letter from Nicholas Caputo to Jeffrey Schwartz dated December 4, 2003 (A00191-192).

D.  Projected Profit and Loss for ASCO Direct Response Agency LLC (EAG0241).

E.  Consulting Agreement dated January 13, 2004 (EAG0264-267).

11

F.  Draft Consulting Agreement (EAG0049-51).

G.  Draft Consulting Agreement (A00187-190).

H.  Draft Consulting Agreement (A00344-347).

I.  Draft Consulting Agreement with Attached Releases (A00130-136). **

J.  Unsigned Releases (EAG0086-87).

K.  Unsigned Release (EAG0174).

L.  Unsigned Releases (EAG0199-200).

M.  Unsigned Release (EAG0218).

N.  Unsigned Release (EAG0236-237).

O.  Unsigned Release (EAG0402).

P.  Releases (A00137-149).

Q.  Agreement dated January 13, 2004 (EAG0260-263).

R.  Email from Timothy Brog to Michael Rittlinger dated May 11, 2004 (EAG0375).

S.  Email from Timothy Brog to Michael Rittlinger dated May 18, 2004 (EAG0376).

T.  AOL Instant Messenger Screen Captures (A01440-1441).

U.  Letter from Timothy Brog to Michael Rittlinger dated June 24, 2004 (EAG0057).

V.  Summons and Complaint dated August 18, 2004 (A00367-380).

W.  Docket Sheet for *EAG v. ASCO*, 04 Civ. 6731 (LTS).

X.  Letter from Timothy Brog to Michael Rittlinger dated October 10, 2005
    (EAG0024).

Y.  Letter from Timothy Brog to Michael Rittlinger dated November 3, 2005
    (EAG0020).

Z.  Letter from David Burger to Richard Asche dated March 10, 2006 (A01128).

AA.     Letter from David Burger to Michael Rittlinger and Shannon Smith dated
        May 14, 2007 (A01100-1109).

BB.     Amended Complaint in this Action dated October 19, 2007.

CC.     Answer to Amended Complaint dated November 19, 2007.

DD.     Plaintiff's Objections and Responses to Defendant's Interrogatories.

EE.     Proposed Amended Complaint in this Action dated September __, 2007.

FF.     Transcript of Hearing before Hon. Laura Taylor Swain dated October 9, 2007.

GG.     Membership Interest Purchase Agreement dated March 7, 2007 (A02583-
        2631).

HH.     Excerpts from www.edwardandrewsgroup.com.

II.     Invoices for Attorneys' Fees issued by Morgenstern Jacobs & Blue, LLC and
        Morgenstern Fisher & Blue, LLC.

### EAG's Objections

Exhibit B – relevance.

Exhibit C – relevance.

Exhibit D – relevance, authentication, hearsay.

Exhibit F – relevance; authentication and hearsay as to typewritten

portions.

Exhibit G – relevance, authentication and hearsay.

Exhibit G – relevance, authentication and hearsay.

Exhibit H – relevance, authentication and hearsay.

Exhibit I – relevance, authentication, hearsay and different

documents bearing different document footers are stapled together to misleadingly

suggest that they are part of a single document.

13

Exhibit J – relevance, authentication, hearsay.

Exhibit K – relevance, authentication, hearsay.

Exhibit L – relevance, authentication, hearsay.

Exhibit M – relevance, authentication, hearsay.

Exhibit N – relevance, authentication, hearsay.

Exhibit O – relevance, authentication, hearsay.

Exhibit P – relevance, authentication, hearsay.

Exhibit R – relevance.

Exhibit S – relevance.

Exhibit T – relevance.

Exhibit U – relevance.

Exhibit V – relevance.

Exhibit W – relevance.

Exhibit Z – relevance.

Exhibit AA – relevance, authentication as to all pages other than first two pages, hearsay, completely unrelated documents are stapled together which misleadingly suggests that they are in some way related.

Exhibit EE – relevance.

Exhibit FF – relevance.

Exhibit II – relevance, authentication, hearsay, any issue concerning a claim for attorneys' fees should be determined by the Court rather than a jury; the redaction of all descriptions of all legal services purportedly performed renders

it impossible to determine if the listed fees are reasonable and therefore precludes proper consideration of this exhibit for any purpose.

### ASCO's Objections to EAG's Proposed Trial Exhibits

| Exhibit Number | Objections |
| --- | --- |
| 3 | FRE 106 (missing attachment referred to in exhibit) |
| 4 | FRE 402 |
| 5 | FRE 901 |
| 6 | FRE 901, FRE 402 |
| 7 | FRE 901, 402 |
| 8 | FRE 901, 402 |
| 9 | FRE 402 |
| 12 | FRE 402 |
| 17 | FRE 402 |
| 18 | FRE 402 |
| 21 | FRE 402, 403 |
| 22 | FRE 402, 403 |
| 23 | FRE 402, 403 |
| 24 | FRE 402 |
| 25 | FRE 801, FRE 402 |
| 26 | FRE 801, FRE 402 |
| 27 | FRE 402 |
| 28 | FRE 402, 403 |
| 29 | FRE 801, 402, 403 |

| | |
|---|---|
| 30 | FRE 402, 403 |
| 31 | FRE 402, 403 |
| 32 | FRE 402, 403 |
| 33 | FRE 801, 402, 403 |
| 34 | FRE 801, 402, 403 |
| 36 | FRE 402 |

### F. Deposition Designations (And Objections)

#### Plaintiff EAG

David Renouf, Bardaglio Hart & Shuman: 4/8-10, 5/22-9/16, 10/21-12/10, 13/19-14/25, 17/24-32/3, 32/16-46/11, 46/18-56/9, 60/2-23, 63/19-66/6, 67/5-73/18, 75/18-76/17, 77/16-78/18.

Michael Rittlinger and Jeffrey Klein for impeachment and rebuttal.

#### Defendant ASCO

None, except for impeachment.

#### Defendant ASCO's Objections

ASCO objects to David Renouf's testimony on the basis of relevance. This objection will be the subject of a motion in limine. ASCO objects to the admission of Jeffrey Klein's deposition testimony in a different action as hearsay and irrelevant.

### G. Proposed Voir Dire Questions

#### Agreed Statement of Case

Short agreed description of case for insertion in Section V, Outline of Case: "In this action plaintiff The Edward Andrews Group Inc., which will be referred to

16

as EAG, claims that it is entitled to be paid a fee by defendant Addressing Services Company, Inc., which will be referred to as ASCO, under the terms of an Investment Banking Agreement. EAG also claims that ASCO would be unjustly enriched at EAG's expense if ASCO does not pay a fee to EAG. According to ASCO, EAG's claims are barred by a release. ASCO denies that EAG is entitled to receive any fee from ASCO."

### Agreed Case-Related Questions

1.     Are any of you employed by the defendant ASCO or any other companies involved in the direct mailing industry, which send mail on behalf of other companies directly to consumers, or do you have a close family member or friend employed by the defendant ASCO or other similar companies?

2.     Have any of you had any experience with or special knowledge of the defendant ASCO or with any other company in the direct mailing industry?

3.     Are any of you employed by the plaintiff EAG or any other companies involved in the investment advisory business, or do you have a close family member or friend employed in the investment advisory industry?

4.     Have you had any experience with or special knowledge of the plaintiff EAG or with any other company in the investment advisory business?

5.     Have you, or any member of your family, or any close friends, ever been involved in a claim or lawsuit involving a fee due under a contract?

6.     Could that situation affect your fairness or impartiality in this case?

7.     Do any of you have any prejudices for or against direct mailing companies, or investment advisory companies, or anything else that might prevent you from being fair and impartial jurors in this type of case?

8.     Have you, or any member of your family, or any close friends, ever been involved in a lawsuit similar to this case?

### Witnesses

1.     Timothy E. Brog, EAG.

2.     Michael Rittlinger, ASCO.

3.     David Renouf, Bardaglio Hart & Shuman.

4.     Jeffrey Klein.

5.     Kenneth McGovern.

6.     Nicholas Martinelli.

7.     John Gleeson, Gottesman & Company.

8.     ASCO requests that the witnesses for the purpose of the voir dire include a reference to ASCO's intention to call an unnamed representative of Robinson Brog Leinwand Greene Genovese & Gluck P.C., EAG's counsel of record, as a witness. EAG opposes that request pending any ruling as to whether any such witness will testify. For the purposes of the voir dire, the prospective jurors will already have been asked if they are familiar with the counsel of record for the parties. Suggesting that an individual from one of those firms might be a witness could be prejudicial and confusing to the jurors.

## H.  Proposed Jury Instructions

### Agreed Changes to Court's Standard Instructions

Page 5:  All Parties Are Equal Before the Court – Second paragraph, first and second sentences should state that both the plaintiff and the defendant in this case are corporations.

18

<u>Pages 9-10:  Interested Party – Party Witness & Employee of a Party</u> – These sections should reflect that plaintiff and defendant are both corporations appearing by their respective principals.

<u>Page 10:  Expert Witnesses</u> – Instruction should be deleted as not applicable to this action.

<u>Page 12:  Stipulation of Testimony</u> – Instruction should be deleted as not applicable to this action.

**<u>Case Specific Instructions On The Law</u>**

Attached hereto as Exhibit A.

I. **<u>Proposed Special Verdict Form</u>**

1.      Did ASCO breach the Investment Banking Agreement by failing to pay a fee to EAG?  If the answer to this question 1 is yes, proceed to question 2. If the answer to this question 1 is no, proceed to question 3.

2.      What is the amount of the fee that ASCO owes to EAG under the terms of the Investment Banking Agreement?  Once you have agreed to the amount of a fee in response to this question 2, please stop, do not proceed to any subsequent question, and advise the Court Officer that you have reached a verdict.

3.      Did EAG provide advice and/or services that benefited ASCO during any part or all of the period from 1999 to mid-2004?  If the answer to this question 3 is yes, proceed to question 4.  If the answer to this question 3 is no, please stop, do not proceed to any subsequent question, and advise the Court Officer that you have reached a verdict.

4.    Is ASCO unjustly enriched at the expense of EAG if ASCO does not pay a fee to EAG? If the answer to this question 4 is yes, please proceed to question 5. If the answer to this question 4 is no, please stop, do not proceed to any subsequent question, and advise the Court Officer that you have reached a verdict.

5.    What is the amount of the fee that ASCO owes to EAG? Once you have agreed to the amount of a fee in response to this question 5, please advise the Court Officer that you have reached a verdict.

NOTE: ASCO objects to the proposed special verdict form because its complexity is likely to lead to juror confusion. ASCO also objects because any special verdict form should include a question as to whether EAG's claims are barred by a release. ASCO asserts that a special verdict form is not needed in this case. In the event that the Court determines that a special verdict form is appropriate, ASCO respectfully requests a 24-hour period to submit a simpler special verdict form. EAG is filing a motion in limine with respect to the release issue.

Dated: March 6, 2008

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

By: _____
David C. Burger (DB-8665)
1345 Avenue of the Americas
New York, New York 10105
(212) 603-6361
Attorneys for Plaintiff

MORGENSTERN FISHER & BLUE, LLC

By: _____
Eric B. Fisher (EF-1209)
885 Third Avenue
New York, New York 10022
(212) 750-6776
Attorneys for Defendant

**BY FAX**

**MEMO ENDORSED** 3/7/08

*[handwritten notes]*

SO ORDERED:

_____
Hon. Andrew Jay Peck
United States Magistrate Judge

## JURY INSTRUCTION NO. 1 – CONTRACT CONSIDERATION

You have heard testimony concerning the Investment Banking Agreement, and the Investment Banking Agreement was admitted into evidence. Plaintiff EAG is claiming that Defendant ASCO breached the Investment Banking Agreement by failing to pay a fee to EAG. The Investment Banking Agreement is a contract that was signed on behalf of both Plaintiff EAG and Defendant ASCO. A contract is an agreement among two or more parties with performance of the agreement supported by what is called consideration. Consideration may consist of anything that the parties agreed, at the time that they entered into the contract, constitutes consideration for the performance of the contract. The consideration provided by one party is in exchange for the performance of the contract by the other party. Consideration may consist of something that is promised, done, forborne or suffered by the party to whom a promise is made as consideration for the promise made to him. It is not necessary for the value of the consideration to be equal to or even proportionate to the promise, so long as the parties agreed that the consideration was acceptable at the time they entered into their contract. For example, a promise to perform services may constitute valid consideration. Similarly, the good faith relinquishment of a claim, or a cause of action, or a right to participate in a transaction may constitute valid consideration. This remains true even if the claim, cause of action or right might ultimately have proven to be unenforceable or of no value, so long as the contracting parties originally agreed that the relinquishment or giving up of that claim, cause of action or right constituted consideration for the contract.

See, e.g., Apfel v. Prudential-Bache Securities Inc., 81 N.Y.2d 470, 475-76, 600 N.Y.S.2d 433 (1993); Weiner v. McGraw-Hill, Inc., 57 N.Y.2d 458, 464-65, 457 N.Y.S.2d 193 (1982); Nolfi Masonry Corp. v. Lasker-Goldman Corp., 160 A.D.2d 186,

553 N.Y.S.2d 156 (1st Dep't 1990); <u>Admae Enterprises, Ltd. v. Smith,</u> 222 A.D.2d 471, 472, 634 N.Y.S.2d 750 (2d Dep't 1995).

<u>NOTE</u>:  The parties agree on this instruction <u>EXCEPT</u> ASCO contends that the instruction should also include the language proposed in Jury Instruction No. 3 (Bilateral Contracts).  This language is taken verbatim from the comments to the N.Y. Pattern Jury Instruction – Civil:4.1.

## JURY INSTRUCTION NO. 2
## ELEMENTS OF BREACH OF CONTRACT

Plaintiff EAG claims that defendant ASCO breached the Investment

Banking Agreement by failing to pay a fee in connection with the Blue Point transaction.

Defendant ASCO claims that plaintiff EAG failed to perform as required by the

Investment Banking Agreement. The elements of an action for breach of contract are (1)

that the parties agreed to a contract; (2) that the plaintiff provided whatever performance

or other consideration was called for under the terms of the contract; (3) non-performance

by defendant; and (4) resulting damages to plaintiff.[1]  Plaintiff EAG bears the burden of

proof with respect to each of these four elements. [If you find that plaintiff EAG has

failed to prove any one of those elements, then you must render a verdict in favor of

defendant ASCO on the breach of contract claim.]

NOTE:  The parties agree on this instruction EXCEPT that ASCO asserts that the
underscored language should be replaced with "performance by plaintiff" in order to
conform to the case law.  EAG notes that the Investment Banking Agreement by its
express terms refers to consideration that is not in the form of any performance.  The
change requested by ASCO does not conform with the facts of this case, and therefore
would mislead the jury.

---

[1]     Wechsler v. Hunt Health Sys., 330 F.Supp.2d 383, 403-04 (S.D.N.Y. 2004); First
Investors Corp. v. Liberty Mutual Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998).

## JURY INSTRUCTION NO. 3 – BILATERAL CONTRACTS

When the contract is bilateral, that is, consists of a promise in consideration of a promise, the contract is lacking in consideration unless both parties are bound, so that either can sue the other for breach.[2]

NOTE:  This instruction is proposed by ASCO.  EAG objects to this instruction as being confusing and inapplicable to the facts of this case.

---

[2]    *See* N.Y. Pattern Jury Instr.-Civil: 4.1, at 618, 2008 Ed. (West Group).

24

## JURY INSTRUCTION NO. 4 – CONTRACT TERMS

You must reach a verdict that is based on the plain meaning of the terms of a contract as it is written. You may not change the terms of a contract based on any testimony or other evidence, or because you think it would have been better if the parties had agreed to different terms than the ones actually included in the contract. A contract must be interpreted as a whole, with regard to all of its provisions; provisions should not be selected and interpreted in isolation, without regard to other provisions of the contract which bear upon them. An interpretation that gives a reasonable and effective meaning to all terms of a contract is generally preferred to one that leaves a part unreasonable or of no effect.

See, e.g., R/S Associates v. N.Y. Job Development Authority, 98 N.Y.2d 29, 32-33, 744 N.Y.S.2d 358 (2002); Mercury Partners, LLC v. Pacific Medical Buildings, L.P., 02 Civ. 6005 (HBP), 2007 U.S. Dist. LEXIS 55855, at *22 (S.D.N.Y. July 30, 2007); Galli v. Metz, 973 F.2d 145, 149 (2d Cir. 1992).

NOTE: This instruction is agreed to by the parties.

**JURY INSTRUCTION NO. 5**
**UNEXPRESSED INTENT IS TO BE DISREGARDED**

The question of whether a party is bound by a contract is not dependent on the unexpressed subjective intent of either party. Instead, what matters are the parties' expressed intentions, words and deeds which constitute objective signs in a given set of circumstances.

Rule v. Brine, Inc., 85 F.3d 1002, 1010 (2d Cir. 1996).

NOTE: This instruction is agreed to by the parties.

## JURY INSTRUCTION NO. 6 – ONE PARTY PREVENTING PERFORMANCE OF A CONTRACT BY THE OTHER PARTY

ASCO has asserted, as a defense to EAG's breach of contract claim, that EAG did not fully perform obligations under the Investment Banking Agreement. ASCO bears the burden of proof as to that defense. In considering that defense, you will need to determine what obligations, if any, EAG had under the Investment Banking Agreement, and whether or not any such obligations were performed by EAG. If you were to find that there was an obligation and that obligation was not performed by EAG, then you must further consider the reason why that obligation was not performed. You must consider, for example, whether EAG refused to perform the obligation or whether EAG was prevented by ASCO from performing the obligation. A party cannot be relieved of liability under a contract by claiming that the other party failed to perform any obligation under the contract if that performance was prevented by the party seeking to be relieved of liability under the contract. A party cannot prevent performance of the contract by the other party, and then use the non-performance by the other party to excuse it's liability under the contract.

ADC Orange, Inc. v. Coyote Acres, Inc., 7 N.Y.3d 484, 490, 824 N.Y.S.2d 192 (2006).

NOTE: This instruction is proposed by EAG. ASCO objects to this instruction because EAG bears the burden of proving that it performed under the Investment Banking Agreement. See ASCO's objection to Jury Instruction No. 2. ASCO further objects because, with the exception of the second-to-last sentence, the instruction is not supported by the case cited.

27

## JURY INSTRUCTION NO. 7 – IMPOSSIBILITY OF PERFORMANCE

Once a party has entered into a contract and thereby made a promise to the other party, then the first party must perform its obligations under the contract or it will be liable for damages even when unforeseen circumstances make it more burdensome or difficult to perform the contract than originally expected. Performance by a party will be excused by what is called "impossibility of performance" only in extreme circumstances and only when the subject matter of the contract has been destroyed or performance has become objectively impossible. In addition, the impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract, and that is beyond the control of the party attempting to rely upon the unanticipated event.

Kei Kim Corp. v. Central Markets, Inc., 70 N.Y.2d 900, 902, 524 N.Y.S.2d 384 (1987)

NOTE: This instruction is agreed to by the parties.

## JURY INSTRUCTION NO. 8A
## UNCLEAN HANDS

[Defendant ASCO asserts that plaintiff EAG has acted with "unclean hands," which is a concept that I shall now explain.] The doctrine of unclean hands is based on the principle that since equity tries to enforce good faith in defendants, it no less stringently demands the same good faith from the plaintiff.[3] In other words, one must give equity to get equity.[4] The unclean hands doctrine applies only where the misconduct alleged as the basis for the defense has immediate and necessary relation to the equity that [plaintiff] seeks in respect of the matter of litigation.[5] [Moreover], while equity does not demand that its suitors shall have led blameless lives, as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.[6] [Accordingly, if you find that plaintiff EAG has acted unfairly or fraudulently towards defendant ASCO, then you must find in favor of defendant ASCO with respect to the claim for unjust enrichment.]

NOTE: ASCO proposes this instruction; EAG objects to this instruction and submits proposed instruction 8B together with an objection to any instruction on unclean hands.

---

[3]     *Dunlop-McCullen v. Local 1-S,* 149 F.3d 85, 90 (2d Cir. 1990).
[4]     *Toledano v. Toledano,* 322 B.R. 78, 82 (Bankr. S.D.N.Y. 2005).
[5]     *Specialty Minerals, Inc. v. Pluess-Staufer AG,* 396 F.Supp.2d 109, 112 (S.D.N.Y. 2005) (quoting *Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245 (1933)).
[6]     *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.,* 324 U.S. 806, 814-15 (1945).

29

## JURY INSTRUCTION NO. 8B – UNCLEAN HANDS

EAG objects to any instruction on the doctrine of unclean hands. That doctrine can only be invoked if a party is guilty of immoral or unconscionable conduct, and there is no allegation or proof of any such conduct by EAG. Assuming, _arguendo,_ that the Court considers an instruction on the doctrine of unclean hands, EAG submits that the following instruction accurately states the law:

Defendant ASCO asserts as a defense that EAG should be denied any recovery on EAG's claim for unjust enrichment due to the doctrine of unclean hands. ASCO bears the burden of proof to establish this defense. You may consider whether the doctrine of unclean hands is a defense to EAG's claim for unjust enrichment, but I am instructing you that the doctrine of unclean hands cannot be a defense to EAG's claim for breach of contract. In the unjust enrichment claim, EAG is asking you to consider whether, in equity and good conscience, ASCO should pay a fee to EAG. A party seeking a remedy based on considerations of equity may be barred from obtaining any recovery based on the doctrine of unclean hands. The elements of the doctrine of unclean hands are: (1) the party seeking a remedy based on equitable considerations is guilty of immoral or unconscionable conduct directly related to the subject matter of its claim; and (2) the party seeking to invoke the doctrine of unclean hands was injured by that conduct. If you find that ASCO has proven each of those two elements, then you may deny EAG any recovery on its unjust enrichment claim.

See, e.g., Pennecom B.V. v. Merrill Lynch & Co., Inc., 372 F.3d 488, 493 (2d Cir. 2004); 390 West End Associates v. Baron, 274 A.D.2d 330, 332, 711 N.Y.S.2d 176 (1st Dep't 2000); Frymer v. Bell, 99 A.D.2d 91, 96, 472 N.Y.S.2d 622 (1st Dep't 1984).

NOTE: EAG proposes this instruction subject to the above-noted objection.

## JURY INSTRUCTION NO. 9A
## RELEASE AND UNSIGNED AGREEMENTS

[Defendant ASCO asserts that plaintiff EAG's claims are barred by a release.]  A valid release constitutes a complete bar to an action on a claim which is the subject of the release.[7]  Releases are contracts whose interpretation is governed by principles of contract law.[8]  Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed.[9]  [Accordingly, if you find that plaintiff EAG has released defendant ASCO from the claims that are the subject of this trial, then you must render a verdict in favor of ASCO.]

[The fact that the parties have not introduced a signed version of the release into evidence does not necessarily mean that the release is not in effect.]  Parties are free to enter into a binding agreement without memorializing their agreement in a fully executed document.[10]  An unsigned contract may be enforceable provided there is objective evidence establishing that the parties intended to be bound.[11]  These circumstances may be shown by oral testimony or by correspondence or other preliminary or partially complete writings.[12]

Note:  This instruction is proposed by ASCO.

---

[7]    N.Y. Pattern Jury Instr.-Civil: 4.1, comment at p. 657, 2008 Ed. (West Group).
[8]    Stone v. National Bank and Trust Co., 188 A.D.2d 865, 867, 591 N.Y.S.2d 609 (3d Dept. 1992)(quoting Metz v. Metz, 175 A.D.2d 938, 939 (3d Dept. 1991)).
[9]    Id.
[10]   Winston v. Mediafare Entertainment Corp., 777 F.2d 78, 80 (2d Cir. 1986)
[11]   See Flores v. The Lower East Side Service Center, Inc., 4 N.Y.3d 363, 369, 828 N.E.2d 593, 795 N.Y.S.2d 491 (NY 2005); see also Pless v. Cleveland Wrecking Co., 2005 U.S. Dist. LEXIS 42922 at *9 (W.D.N.Y. 2005).
[12]   Id. at 81 (citing Restatement (Second) of Contracts , § 27, comment c (1981).

31

## JURY INSTRUCTION NO. 9B

## RELEASE AND UNSIGNED AGREEMENTS

A valid release agreed to by the parties constitutes a complete bar to an action on a claim which is the subject of the release.[13] ASCO bears the burden of establishing that the parties agreed to a release of EAG's claims for breach of the Investment Banking Agreement and unjust enrichment. Releases are contracts whose interpretation is governed by principles of contract law.[14] Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed.[15]

The fact that ASCO has not introduced a signed version of the release into evidence is not irrefutable evidence that there was no such release agreed to by the parties. ASCO bears the burden of establishing that the parties agreed to, and intended to sign, a document that however was never signed. An unsigned contract may be enforceable provided that the preponderance of the objective evidence establishes that the parties intended to be bound by that contract.[16]

NOTE: EAG is filing a motion in limine with respect to the subject of this instruction and, pending determination of that motion, objects to any instruction on this subject. This counter-form of instruction is proposed by EAG to preserve its position, but EAG reserves the right to submit further proposed instructions, as may be appropriate, after the Court has ruled on the motion in limine.

---

[13]    N.Y. Pattern Jury Instr.-Civil: 4.1, comment at p. 657, 2008 Ed. (West Group).
[14]    *Stone v. National Bank and Trust Co.*, 188 A.D.2d 865, 867, 591 N.Y.S.2d 609 (3d Dept. 1992)(*quoting Metz v. Metz*, 175 A.D.2d 938, 939 (3d Dept. 1991)).
[15]    *Id.*
[16]    *See Flores v. The Lower East Side Service Center, Inc.*, 4 N.Y.3d 363, 369, 828 N.E.2d 593, 795 N.Y.S.2d 491 (NY 2005); see also Plan v. Cleveland Wrecking Co., 2005 U.S. Dist. LEXIS 42922 at *9 (W.D.N.Y. 2005).

## JURY INSTRUCTION NO. 10 – CONTRACT DAMAGES

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiff EAG. It is for you to decide on the evidence presented and the rules of law I have given you whether EAG is entitled to recover damages from the Defendant ASCO. If you decide EAG is not entitled to recover, then you need not consider damages. Only if you decide that EAG is entitled to recover will you consider damages.

The basic principle of damages on a contract claim is to leave the injured party in as good a position as it would have been if the contract had been fully performed. It is equally fundamental that the injured party should not recover more from the breach than the party would have gained had the contract been fully performed.

The burden of proof is on the Plaintiff to establish damages by showing the fee due under the contract.

Modification of N.Y. PJI 4:20 and General Rules in the Comment thereto.

NOTE: The parties agree to this instruction.

## JURY INSTRUCTION NO. 11 – UNJUST ENRICHMENT

Plaintiff EAG is making two claims in this case.  First EAG is claiming that Defendant ASCO breached the Investment Banking Agreement.  Second, EAG is claiming that ASCO would be unjustly enriched if ASCO does not pay a fee to EAG.  When you begin your deliberations, you will receive a Special Verdict Form consisting of a series of questions for you to answer.  You will see in the instructions on the Special Verdict Form that, if you grant damages to EAG on the breach of contract claim, then you will not proceed to consider the unjust enrichment claim.  This is because the breach of contract claim and the unjust enrichment claim are stated in the alternative.  You may decide to grant damages to EAG under either of its two claims, but not both, and you may decide not to grant damages to EAG under either claim.

If you proceed to consider the unjust enrichment claim, you will consider whether or not ASCO received a benefit from any services that may have been provided by EAG to ASCO, and whether the circumstances, in fairness and justice, preclude ASCO from denying an obligation to pay EAG a fee for its services.  The elements of an unjust enrichment claim are: (1) that the defendant was enriched by money or other benefits; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should pay the money or benefits, in part or in whole, to the plaintiff.  EAG bears the burden of establishing its entitlement to an award for unjust enrichment.  An award for unjust enrichment is permissible when a party has been placed in the possession of money under such circumstances that in equity and good conscience that party ought not retain it, in

34

part or in whole, and which, in part or in whole, equitably belongs to the other party.

Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996); Bazak Intl. Corp. v. Tarrant
Apparel Group, 347 F. Supp. 2d 1, 3 (S.D.N.Y. 2004).

NOTE  The parties agree to this instruction EXCEPT ASCO objects to the underscored
language because of its objection to the special verdict form.

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
### Southern District of New York
**United States Courthouse**
**500 Pearl Street, Room 1370**
**New York, N.Y. 10007-1312**

**Fax No.:**      **(212) 805-7933**
**Telephone No.:**  **(212) 805-0036**

**Dated:**   **March 7, 2008**           **Total Number of Pages:**   **3**

| TO | FAX NUMBER |
|---|---|
| David C. Burger, Esq. | 212-956-2164 |
| Eric B. Fisher, Esq. | 212-750-3128 |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 3/7/08**

**If the unjust enrichment claim remains in the case, the Court will employ a Special Verdict Form. ASCO is to submit its counter-proposed Special Verdict Form by close of business 3/10/08.**