```
7A95EDWA                          argument
```

```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF NEW YORK
                ------------------------------x

                THE ANDREWS GROUP, INC.,

                                Plaintiff,

                        v.                              07 Civ. 4607 (LTS)

                ADDRESSING SERVICES COMPANY,
                INC.,

                                Defendant.

                ------------------------------x
                                                        October 9, 2007
                Before:

                                HON. LAURA TAYLOR SWAIN,

                                                        District Judge

                                       APPEARANCES

                ROBINSON, BROG, LEINWAND, GREENE, GENOVESE & GLUCK, P.C.
                        Attorneys for Plaintiff
                BY:    DAVID C. BURGER

                MORGENSTERN, JACOBS & BLUE, L.L.C.
                        Attorneys for Defendant
                BY:    ERIC B. FISHER
```

1            (Case called)

2            THE COURT: Counsel, would you kindly introduce

3   yourselves?

4            MR. BURGER: Your Honor, David Burger with Robinson

5   Brog for the plaintiff Edward Andrews Group.

6            THE COURT: Good afternoon, Mr. Burger.

7            MR. FISHER: Eric Fisher from the law firm of

8   Morgenstern, Jacobs & Blue for defendant Addressing Services

9   Company Inc.

10           THE COURT: Good afternoon, Mr. Fisher.

11           MR. FISHER: Thank you, ma'am.

12           THE COURT: I would first like to take up the pending

13  motion to dismiss Count Two which is the unjust enrichment

14  claim and the cross-motion to amend the complaint to restate in

15  some ways Count Two.

16           I have a couple of questions first for plaintiff's

17  counsel. Your existing complaint speaks only to your client's

18  readiness and willingness to perform services in accordance

19  with the investment banking agreement and says that those

20  services were never called on.

21           In your amended complaint you add an allegation that

22  says that your client performed services for the benefit, I

23  believe, of the defendant; and then goes on to say that as to

24  the transaction for which the compensation -- the percentage

25  compensation is ultimately sought, your client offered its

1  services but wasn't paid.
2        First of all, the addition of this generalized *my
3  client performed services for benefit* yet seemed somewhat
4  inconsistent factually with the complaint that we have which
5  says my client was ready, willing and able and why is it that I
6  should let you change up the underlying facts in that way?
7        MR. BURGER:  Paragraph 31 of the existing complaint
8  reads, "EAG has performed and/or has proffered its performance
9  of all of its obligations under the investment banking
10 agreement."
11       THE COURT:  And that's in your contract claim?
12       MR. BURGER:  That is correct.
13       THE COURT:  Now we are focusing on your unjust
14 enrichment claim and, as you know, the unjust enrichment
15 doctrine requires, ultimately, a demonstration that the
16 defendant was enriched at the expense of the plaintiff and so
17 whereas you can have a contract that says I will stand by and
18 if you don't use me, that's to your detriment.  The doctrine of
19 quantum meruit or unjust enrichment does require a
20 demonstration that some value went from the plaintiff to the
21 defendant.
22       MR. BURGER:  The contract here was one for investment
23 banking advice.  That would include, for example, how a
24 transaction should or should not be structured who might or
25 might not be a potential participant in a transaction, what

1   price might or might not be good to consider for any type of
2   transaction.
3          That type of advice is of actual benefit to ASCO even
4   if Blue Point, the party that actually entered into an
5   extraordinary transaction with ASCO, was this transaction that
6   my client was not involved in.
7          We have not seen the actual Bluepoint document so we
8   don't know to what degree they did or did not follow my
9   client's advice.  But, the advice can be a benefit in
10  structuring the deal even though my client was excluded from
11  being involved in the transaction that actually closed.
12         I would just like to also mention, your Honor, that
13  the contract, on its face, indicates that it was entered into
14  as part of a settlement with respect to other services that had
15  been performed for the defendant and my client, in that
16  settlement, claimed that he was entitled to participate in a
17  particular business opportunity and he gave up that claim and
18  other related claims as part of the settlement which resulted
19  in the investment banking agreement and the consulting
20  agreement that was before your Honor in the prior case.
21         THE COURT:  Well, if that turns out that that contract
22  is not enforceable or is not applicable to these circumstances
23  for a reason that's upheld by the Court, how does that get
24  transformed into an unjust enrichment or quantum meruit
25  transaction?  Why isn't it just a bad bargain?

1          Lots of people make bad contracts and don't end up
2    with what they thought they were buying and maybe it is for
3    recision, maybe they're just out because they made a bad
4    contract. But, what takes it into the doctrine of unjust
5    enrichment?
6          MR. BURGER: I was just trying to address what was
7    done to the actual benefit of the defendant, strictly speaking,
8    with respect to the unjust enrichment which I said before.
9          The advice with respect to what transaction should be
10   considered and how it should be structured, even if my client
11   was excluded from the Bluepoint transaction is an actual
12   benefit separate and apart from the contract.
13         THE COURT: And so are you -- just one minute here.
14         Currently the proposed amended complaint says that --
15   this is paragraph 18, "EAG performed services pursuant to the
16   investment banking agreement for the benefit of ASCO," and then
17   refers to e-mail messages as reflecting services. And the
18   e-mail messages, at least to the uninitiated are, I would say,
19   a little cryptic.
20         Is it your representation that your client is in a
21   position that's within the bounds of Rule 11 to allege that it
22   provided financial advice, transaction-related advice in
23   accordance with -- well, it doesn't really matter if this is a
24   non-contract clause of action, whether it is in accordance with
25   the terms of the agreement but financial and transaction

1   related advice that was of value to ASCO and such that the
2   circumstances are that equity, in good conscience, should
3   require payment for the value of those services.
4           MR. BURGER:  Yes.  We wouldn't be here otherwise.  And
5   that is certainly what we intended to say in the unjust
6   enrichment claim.
7           THE COURT:  There are the technical issues with the
8   iteration that defense counsel pointed out and, as I said, it
9   is not entirely obvious to me that the current proposed
10  document says that.
11          Before I rule on this, Mr. Fisher, did you wish to say
12  anything on this issue?
13          Thank you, Mr. Burger.
14          MR. BURGER:  Thank you.
15          MR. FISHER:  Your Honor, I simply would point out, as
16  it seems the Court is aware, that what opposing counsel has
17  just said, namely that Edward Andrews Group rendered advice
18  about how to structure transactions to my client, is nowhere
19  alleged in the complaint.  That is not apparent from any of
20  those e-mails.  And I'm unaware of a factual basis for such an
21  allegation.
22          THE COURT:  Well, I find that the current complaint
23  does not state a cause of action for unjust enrichment and
24  therefore the motion to dismiss the current complaint, Count
25  Two of the current complaint, is granted.  But I will -- and

1  plaintiff's motion, as currently put for leave to amend the
2  complaint, is denied. However, plaintiff will be given until
3  next Friday, which is the 19th of October, to file and serve an
4  amended complaint consistent with the representations made here
5  on the record today.
6           And I will enter an order to that effect and file that
7  in ECF.
8           So, with that, I think we might as well go on with our
9  initial pretrial conference and put in a scheduling order.
10          You reported that you have not had substantive
11 settlement discussions. Is there anything with respect to the
12 knowledge base here or the dynamics of the relationships
13 between the parties that we can address so as to get over a
14 barrier to productive settlement discussions?
15          Mr. Burger?
16          MR. BURGER: Well, we have discussed, and unless I am
17 mistaken, I think what we have agreement on is that both sides
18 would be amenable to a settlement conference before a
19 magistrate. However, I have indicated to Mr. Fisher that
20 before my client could knowledgeably participate in such a
21 conference, that we would need to know what the Bluepoint
22 transaction actually consisted of.
23          And Mr. Fisher yesterday, I believe, indicated that he
24 expected to get me my computation documentation in that regard
25 within, I believe he said, a couple of weeks. And if that

1   happens, then I believe we would be in a position for a
2   settlement conference with the magistrate.
3            THE COURT: Thank you.
4            Mr. Fisher, is that true?
5            MR. FISHER: That is, yes. That is an accurate
6   summary of our discussions. Among the delay in getting to
7   Mr. Burger about the Bluepoint transaction has been my working
8   through some confidentiality issues. But, I have represented
9   that I will work through those and I hope to be able to get
10  Mr. Burger that information so that we can have a substantive
11  discussion and hopefully a relatively early settlement
12  conference.
13           THE COURT: Very good.
14           So, I think what I will do is include in my scheduling
15  order a requirement that you begin meeting with Judge Peck by,
16  I will call it November 16th, which is a little more than a
17  month from now. It seems to me that should give you time to
18  exchange and process that information.
19           And then if you would before the end of the week, call
20  Judge Peck's chambers and ask for settlement conference in that
21  early to mid-November time frame. Then you can be sure to get
22  on his calendar when you are ready for him.
23           MR. BURGER: Your Honor, may I?
24           THE COURT: Yes.
25           MR. BURGER: I am leaving town tomorrow. I'm

1   wondering, could we have, if it is going to be a joint call to
2   Judge Peck's chambers, could we possibly have until next week
3   to do that; Tuesday or Wednesday?
4           THE COURT:  Sure, unless you just want to share a
5   couple windows of availability with Mr. Fisher and then he can
6   make the call.
7           MR. BURGER:  That's fine.  I didn't know if you wanted
8   us to do it jointly.
9           THE COURT:  I usually ask explicitly for counsel to
10  kind of choose a point person and make the call, so.
11          MR. BURGER:  Thank you.
12          THE COURT:  Given the upcoming holidays and the
13  timeframe for going to Judge Peck, I will make the -- I will
14  use the January 31, '08 discovery cutoff date.
15          Now, is there anything else you wanted to discuss
16  before I type up the scheduling order?
17          MR. FISHER:  Nothing from the defendant, your Honor.
18          MR. BURGER:  I don't think there is anything else at
19  the moment, your Honor.
20          THE COURT:  Okay.  And I will make the reference to
21  Judge Peck, one, for general pretrial management so you can
22  take the confidentiality agreement to him and he can deal with
23  any rescheduling that's necessary, or discovery disputes or
24  anything else in addition to the settlement discussions.
25          MR. BURGER:  Very good.

1          THE COURT:  Okay.  So, if you will just bear with me,
2  I will type and then give you conformed copies.
3          I'm giving you March 3rd as the deadline for
4  commencing any dispositive motion practice if still in
5  litigation mode at that point.  And for the final pretrial
6  conference date, which is essentially a trial-ready date, I
7  will give you one in early May.
8          Ms. Ng, could you give me a conference date in early
9  May?
10         THE DEPUTY CLERK:  Friday, May 9th, at 10:00.
11         THE COURT:  May 9th at 10:00.  Thank you.
12         And, in Section 12 of the order which is captioned
13  Other Matters, I have written:  "The parties shall begin
14  meeting with Judge Peck for settlement purposes by November 16,
15  2007."
16         THE COURT:  All right.  Ms. Ng will give you your
17  conformed copies of the scheduling order and the reference
18  order.
19         Thank you very much.  Have a good day.
20         MR. BURGER:  Thank you, your Honor.
21         MR. FISHER:  Thank you, your Honor.
22                              oOo