UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE EDWARD ANDREWS GROUP INC.,            :

              Plaintiff,            :            07 Civ. 4607 (AJP)

        -against-            :            **OPINION & ORDER**

ADDRESSING SERVICES COMPANY, INC.,            :

             Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

       Defendant Addressing Services Company, Inc. ("ASCO") has moved in limine (Dkt. No. 55) to (1) preclude plaintiff The Edward Andrews Group Inc. ("EAG") from introducing evidence as to "add backs," and (2) preclude EAG from introducing evidence of any EAG services to ASCO before the January 13, 2004 date of the Investment Banking Agreement.

       ASCO's motion in limine is <u>GRANTED</u>.

**I.    THE ADD BACKS**

       The disputed "Add Back" evidence refers to monies paid by ASCO to Rittlinger (and others) or non-recurring business expenses added back to ASCO's financial statements because "these expenses would not recur after Blue Point took over [ASCO's] business, and, accordingly, adding them back into the financials created a more accurate picture of ASCO's business

performance for purposes of the [Blue Point acquisition] transaction."  (Dkt. No. 54: ASCO Br. in Support of Motion in Limine at 3.)

The Investment Banking Agreement provides that ASCO will pay EAG a services fee of "4% of the aggregate consideration or value from such Extraordinary Transaction received by the Company or the shareholders. . . ."  (Investment Banking Agmt. ¶ 2.)  The Investment Banking Agreement further defines consideration as including "(vi) distributions, dividends and bonuses of any kind to [Rittlinger] after the date of this Agreement, but only to the extent that the aggregate of all such distributions, dividends and bonuses exceed $200,000."  (Investment Banking Agmt. ¶ 2(vi).)

The Add Back evidence includes:  Rittlinger's automobile expenses; salaries paid to other Rittlinger family members; loans to a friend of Rittlinger; cash payments to Rittlinger; and expenses that were unlikely to recur when Blue Point took over the business.  (See ASCO Br. in Support of Motion in Limine at 2, citing record cites.)

ASCO argues that subparagraph 2(vi) should be limited to distributions to Rittlinger as part of the Blue Point transaction, not "all distributions to Michael Rittlinger over the three year period from January 13, 2004 until the Blue Point Transaction closed in March 2007.  (ASCO Br. in Support of Motion in Limine at 5.)  The Court disagrees.  There is no such limit in subparagraph 2(vi).  And as EAG explained, the provision was necessary to prevent Rittlinger from taking substantial money out of ASCO in advance of an Extraordinary Transaction, thus reducing ASCO's value in an Extraordinary Transaction (and thereby reducing EAG's 4% fee).  (Dkt. No. 60: Brog

3

3/19/08 Aff. ¶ 5.)  The Court therefore rejects ASCO's interpretation of the Investment Banking

Agreement and subparagraph 2(vi) specifically.  That provision is clear and must be enforced as

written.

However, subparagraph 2(vi) also must be enforced as written by limiting it only to

"distributions, dividends and bonuses" to Rittlinger.  Those terms have a clear meaning in corporate

law.  They do not cover Rittlinger's automobile expenses.  And non-recurring business expenses that

will not be incurred by the acquirer, Blue Point, certainly are not ¶ 2(vi) Consideration.

EAG has chosen to prove its ¶ 2(vi) claim largely through the deposition testimony

of ASCO's former accountant, David Renouf.  Renouf's deposition testimony is inadmissible

hearsay.[1]  Rule 32(a)(4)(B), Fed. R. Civ. P., provides that:  "A party may use for any purpose the

deposition of a witness . . . if the court finds: . . . (B) that the witness is more than 100 miles from

the place of hearing or trial. . . ."  See also Fed. R. Evid. 804 (deposition testimony is not hearsay if

the witness is unavailable).  EAG should have put Mr. Renouf on its witness list for live testimony,

but it chose not to do so.[2]

_____

[1]    The Court has read EAG's Renouf deposition excerpts.  They include discussion of
transactional add-backs that, as discussed above, are not ¶ 2(vi) Consideration under the
Investment Banking Agreement.  In addition, the testimony is confusing and hard to follow.
Even if it were not inadmissible hearsay, the Court would find that its probative value was
substantially outweighed by the danger of unfair prejudice to ASCO and confusion of and
misleading of the jury.  The Court therefore would exclude the Renouf deposition testimony
under Federal Rule of Evidence 403.

[2]    EAG states that "Renouf is a non-party who works in Connecticut."  (Dkt. No. 61: EAG Br.
in Opp. to ASCO Motion in Limine at 6.)  Nevertheless, Federal Rule of Civil Procedure
(continued...)

Accordingly, ASCO's motion in limine to preclude Renouf's deposition testimony about the so-called "add-backs" is GRANTED.[3/]  The Court will not preclude EAG, however, from asking Rittlinger about whether he received any "distributions, dividends and bonuses" from ASCO in the time period (but not about the items discussed above, like automobile expenses and non-recurring expenses, that do not come within those categories).

## II.     PRE JANUARY 13, 2004 SERVICES

In the Pretrial Order, EAG states that it will call Timothy Brog of EAG to testify about the "services performed by EAG for ASCO pre-dating and post-dating the Investment Banking Agreement . . . [and] the benefits derived by ASCO from the services provided by EAG (as indicated by, inter alia, the terms of the Blue Point transaction). . . ."  (Pretrial Order at pp. 4-5.)

EAG's amended complaint alleges that ASCO breached the Investment Banking Agreement (Am. Compl. ¶¶ 35-44), with an alternative claim for unjust enrichment "in the event that the Investment Banking Agreement is found to be unenforceable" (Am. Compl. ¶ 48).  The amended complaint further alleges that "EAG performed services pursuant to the Investment Banking Agreement for the benefit of ASCO."  (Am. Compl. ¶ 18.)  EAG's unjust enrichment claim clearly

---

[2/]     (...continued)
45(b)(2)(B) allows service outside the district but within 100 miles of the courthouse.  Since Renouf's deposition was pursuant to a S.D.N.Y. subpoena (PX27, Renouf Dep. Ex. 1), it appears that EAG could have subpoenaed Renouf for appearance at trial, but chose not to do so.

[3/]     Without Renouf, it is likely that EAG will not be able to introduce many of its trial exhibits that are Renouf deposition exhibits.  The Court will rule on the exhibits if they are offered at trial and objected to by ASCO.

5

relates to the benefits, if any, from EAG's services to ASCO that led to the ASCO-Blue Point transaction. (See, e.g., Am. Compl. ¶¶ 50-51.)

        Most importantly, on the same date the Investment Banking Agreement was entered into, January 13, 2004, EAG and ASCO entered into the Consulting Agreement. The Consulting Agreement specifically provides that it was being entered into because "Client [i.e., ASCO and Rittlinger] desires to compensate Consultant [i.e., EAG] for its valuable and beneficial services provided to Client up to the date hereof, over a five (5) year period for services already provided and completed. . . ." (Consulting Agmt., third whereas clause.) Thus, EAG has already been compensated via the Consulting Agreement for any services provided to ASCO prior to the January 13, 2004 date of the Investment Banking Agreement. Thus, if the Investment Banking Agreement is not enforceable, recovery for unjust enrichment must be limited to services provided by EAG to ASCO after January 13, 2004.

        Accordingly, services that EAG rendered for ASCO before January 13, 2004 are not relevant to EAG's unjust enrichment claim, and ASCO's motion in limine to exclude pre-January 13, 2004 services is GRANTED.

## CONCLUSION

ASCO's motion in limine (Dkt. No. 55) is GRANTED.


SO ORDERED.

Dated:        New York, New York
              March 24, 2008

                                        _____
                                        Andrew J. Peck
                                        United States Magistrate Judge


Copies to:    David C. Burger, Esq.
              Eric B. Fisher, Esq.