UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE EDWARD ANDREWS GROUP INC., :

                            Plaintiff, :      07 Civ. 4607 (AJP)

         -against- :

ADDRESSING SERVICES COMPANY, INC., :

                            Defendant. :
------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION IN LIMINE
AND IN OPPOSITION TO CROSS-MOTION FOR
LEAVE TO FILE SUMMARY JUDGMENT MOTION**

**PRELIMINARY STATEMENT**

Plaintiff The Edward Andrews Group Inc. ("EAG") submits this reply memorandum of law in further support of its motion in limine. Defendant Addressing Services Company, Inc. ("ASCO") has submitted opposition papers that: (a) purport to raise a judicial estoppel argument without regard to the requisite elements of that doctrine, which do not apply here; (b) purports to raise a discovery issue that has never before been raised; (c) fails to mention the deposition testimony of ASCO's principal which is entirely inconsistent with ASCO's argument that the Investment Banking Agreement was void ab initio based on a release; and (d) ignores ASCO's own position that EAG's entitlement to a fee under the Investment Banking Agreement is for services rendered pursuant to that agreement, and therefore any such fee does not come within the terms of the release alleged by ASCO. ASCO also seeks leave to file a motion for summary judgment and other relief, when the sworn testimony of ASCO's own principal would defeat any such motion.

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying reply affidavit of Timothy E. Brog, sworn on March 26, 2008 ("Brog Reply Affidavit"), and the reply affidavit of David C. Burger, sworn to on March 27, 2008 ("Burger Reply Affidavit").

## ARGUMENT

### I

### ASCO SHOULD BE PRECLUDED FROM ADMITTING ANY EVIDENCE RELATING TO THE CLAIMS, JUDGMENT AND SETTLEMENT OF THE JUDGMENT IN THE PRIOR ACTION

ASCO now asserts that it does not intend to argue that the prior action between these parties, captioned The Edward Andrews Group Inc. v. Addressing Services Company, Inc., 04 Civ. 6731 (S.D.N.Y.) ("Prior Action"), including the judgment and settlement of the judgment in the Prior Action, has any effect on the instant action. The fact remains, however, that ASCO has pre-marked trial exhibits relating to the Prior Action, including the complaint, docket sheet and a letter that EAG's counsel wrote to ASCO's counsel concerning the payment schedule for the settlement of the judgment in the Prior Action. See Defendant's trial exhibits V through Z. Admitting those exhibits and any other related evidence would be likely to unfairly and improperly distract and mislead the jury into believing that the settlement of the judgment in the Prior Action somehow should be viewed as precluding the current action. ASCO's attempt to introduce this evidence does not appear to have any purpose other than telling the jury that ASCO previously paid a sum of money to EAG, in the hope that the jury will find that to be sufficient despite the fact that the Prior Action did not involve any of the claims asserted in the instant action.

ASCO does not identify any proper purpose for which the exhibits or other evidence relating to the Prior Action would be offered at trial. ASCO should be precluded from introducing any evidence relating to the claims, the judgment and the settlement of the judgment in the Prior Action.

## II

## EAG DID NOT RELEASE ANY CLAIM ASSERTED IN THE INSTANT ACTION

### A. The Doctrine Of Judicial Estoppel Is Inapplicable

Although ASCO purports to invoke the doctrine of judicial estoppel, ASCO does not cite the essential elements of that doctrine. The Second Circuit has held that:

> "A party invoking judicial estoppel must show that (1) another party advanced an inconsistent position in another proceeding and (2) the first tribunal adopted that position in some manner."

Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 155 n.7 (2d Cir. 2007).

This Court has stated that:

> "'The doctrine of judicial estoppel prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by him in a prior legal proceeding.' Bates v. Long Is. R.R., 997 F.2d 1028, 1037 (2d Cir.), cert. denied, 126 L.Ed.2d 452, 114 S.Ct. 550 (1993). There are two objectives behind judicial estoppel: (1) 'to preserve the sanctity of the oath by demanding absolute truth and consistency in all sworn positions'; and (2) 'to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings.' 997 F.2d at 1037.
>
> "In order to apply the doctrine of judicial estoppel, the Court must have before it a prior sworn inconsistent statement by the plaintiff."

Marvello v. Chemical Bank, 923 F.Supp. 487, 490 (S.D.N.Y. 1996)(Peck, U.S.M.J.).

3

ASCO cites an allegation of background facts included in the complaint in the Prior Action. Paragraph 12 of the complaint in the Prior Action alleged that:

> "In consideration of (i) ASCO being introduced to the Business Opportunity, (i) [sic] EAG waiving its rights under the Non-Circumvention Agreement, (ii) EAG waiving its rights to participate in the Business Opportunity, (iii) EAG releasing Klein and ASCO from any liabilities, and (iv) EAG acting as an advisor to ASCO on the Business Opportunity and other matters, EAG and ASCO agreed, among other things, that ASCO would pay EAG $8,300.00 per month for a period of sixty (60) months for a total of $498,000.00."

Prior Action complaint, at ¶ 12 (copy attached as Exhibit A to the previously submitted affidavit of David C. Burger, sworn to on March 6, 2008).

Judicial estoppel is not applicable here because: (a) the Prior Action complaint is not a sworn statement; (b) the reference to releases in paragraph 12(iii) is a statement of a background fact that was not material to, and was not litigated in, the Prior Action; and (c) the question as to who was or was not released was not adopted by the Court in the Prior Action, because that question had no bearing on the summary judgment that was granted in the Prior Action.

The Opinion and Order, dated November 29, 2005 ("Prior Action Order") granting summary judgment in the Prior Action is attached as Exhibit A to the Burger Reply Affidavit. The Prior Action Order does not make any mention of any releases in connection with the Consulting Agreement. The Prior Action Order turned on the question of whether a liquidated damages provision in the Consulting Agreement was enforceable. No issue concerning releases under the Consulting Agreement was ever adopted by the Court in the Prior Action.

4

Paragraph 12(iii) in the Prior Action complaint was an inadvertent mistake that does not meet the requirements of the doctrine of judicial estoppel. See Brog Reply Affidavit, at ¶¶ 2-9.

Accordingly, the doctrine of judicial estoppel has no application here.

**B.  ASCO Has Admitted That The Investment Banking Agreement Was Not Subject To Any Release**

As recited in the Investment Banking Agreement, that agreement and the Consulting Agreement were simultaneously executed. ASCO now argues that the Investment Banking Agreement was null and void ab initio because it was barred by a release under the Consulting Agreement. The Brog Reply Affidavit refutes that argument and quotes the deposition testimony of Michael Rittlinger, ASCO's principal, in which Rittlinger admitted that he intended to utilize EAG pursuant to the Investment Banking Agreement for a period of five to six months after the Agreement was signed in January 2004, up until EAG served the complaint in the Prior Action. If the Investment Banking Agreement was subject to a release under the simultaneously executed Consulting Agreement, then the Investment Banking Agreement would have been null and void the instant that the Investment Banking Agreement was signed. The admitted fact that ASCO intended to perform under the Investment Banking Agreement for many months, until ASCO was sued by EAG, is irreconcilable with any claim that the Investment Banking Agreement is barred by a release under the Consulting Agreement.

Accordingly, EAG's motion in limine should be granted.

**C.  ASCO Belatedly, And Erroneously, Attempts To Create A Discovery Dispute**

EAG produced several unexecuted draft releases as part of its document production to ASCO in this action. EAG did not take any discovery to determine the origins of

5

those documents, including who initially drafted the documents and whether or not they were revised, and if so by whom and under what circumstances. ASCO also makes the unfounded, and incorrect, assertion that the files of EAG's counsel were not searched for documents. The issue that ASCO is attempting to raise is not a failure to produce documents, but rather that ASCO doesn't know the origins of the documents that EAG produced. That is the result of ASCO's failure to take adequate discovery relating to the documents that EAG produced. Moreover, ASCO did not raise any issue with EAG's counsel concerning the draft releases until after the discovery period closed, and ASCO never raised any such issue with the Court until now – long after discovery closed and after the Pre-Trial Order was filed. ASCO does not have any legitimate discovery dispute and, in any event, any such purported dispute was waived.

C. **The Purported, Unexecuted Releases Would Not Bar Payment Of A Fee Under The Investment Banking Agreement**

ASCO argues that the purported, unexecuted releases, if effective, would bar payment of a fee to EAG under the Investment Banking Agreement. In making that argument, ASCO contradicts one of its own principal defenses to this action. ASCO argues that a fee would be due to EAG only if it performed services under the Investment Banking Agreement, and that EAG failed to do so. The Pre-Trial Order reflects that the issues to be tried include whether or not ASCO intentionally prevented EAG from providing any such services and excluded EAG from being involved in the Blue Point Transaction. The Pre-Trial Order also reflects that an issue to be tried is whether ASCO was justified in preventing EAG from performing services. See, e.g., Pre-Trial Order, Section C – Issues to be tried, ¶¶ 2 & 3; Brog Reply Affidavit, at ¶¶ 10-14.

To the extent that EAG's entitlement to a fee is based on services rendered by EAG (or services that would have been rendered but for ASCO's wrongful exclusion of EAG), the payment of that fee arises from those services and does not arise from the subject of the purported, unexecuted releases, which are limited to matters "arising out of and/or concerning the introduction by [EAG] of Jeffrey Klein and ASCO, and the business opportunity and/or business relationship that ensued between Jeffrey Klein ... and ASCO." The historical fact that the Investment Banking Agreement was part of a settlement of various issues does not make the subsequent performance of independent services under the Investment Banking Agreement matters that arise from "the business opportunity and/or business relationship that ensued between Jeffrey Klein ... and ASCO."

## CONCLUSION

For all of the reasons stated above and in the accompanying Brog and Burger Reply Affidavits, and in the papers and proceedings heretofore had herein, EAG's motion in limine should be granted and an order should be entered precluding ASCO from introducing any evidence and argument at the trial of this action in support of: (a) any purported claim that this action is barred, in part or in whole, by the proceedings, judgment and settlement of the judgment in the prior litigation captioned The Edward Andrews Group Inc. v. Addressing Services Company, Inc., 04 Civ. 6731 (S.D.N.Y.); and (b) any purported claim that any unexecuted release is a bar to any recovery by EAG under the Investment Banking Agreement, or that any such release forms any bar to EAG's claim for unjust enrichment.

Dated: March 27, 2008

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

By: _____
David C. Burger (DB-8666)
1345 Avenue of the Americas
New York, New York 10105
(212) 603-6361
**Attorneys for Plaintiff**