UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

THE EDWARD ANDREWS GROUP INC.,  :

        Plaintiff,  :  07 Civ. 4607 (AJP)

       -against-  :  **OPINION & ORDER**

ADDRESSING SERVICES COMPANY INC.,  :

        Defendant.  :

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: 4/10/08

**ANDREW J. PECK, United States Magistrate Judge:**

Plaintiff The Edward Andrews Group Inc. ("EAG") has moved in limine to bar defendant Addressing Services Company Inc. ("ASCO") from introducing evidence at trial in support of any claim that this action is barred by (1) the judgment in the prior suit between these parties, 04 Civ. 6731 ("the Prior Action"), and (2) unexecuted releases. (Dkt. No. 51: EAG Motion in Limine.) For the reasons set forth below, EAG's motion in limine is DENIED.

## ANALYSIS

### I.   EAG'S MOTION IN LIMINE AS TO THE PRIOR ACTION

A dispute between EAG, ASCO and Jeffrey Klein led to a settlement in which EAG released Klein and ASCO and entered into a "Consulting Agreement" under which ASCO was to pay EAG $8,300 per month for 60 months, for a total of $498,000. (See DX V: Prior Action Complaint ¶¶ 6-14.) ASCO defaulted after three monthly payments (DX V, ¶¶ 16-17), and EAG brought the Prior Action in August 2004 for breach of the Consulting Agreement contract. (See DX

V-W.) Judge Swain granted summary judgment for EAG. (See Dkt. No. 51: Burger Aff. ¶ 4 & Ex. B: 12/20/05 Final Judgment in Prior Action.)[1]

While the Prior Action involved the Consulting Agreement, this action involves a separate agreement, the "Investment Banking Agreement" (PX 1). EAG did not make any claim under the Investment Banking Agreement in the Prior Action; indeed, the Prior Action Complaint does not even mention the Investment Banking Agreement. (See generally DX V: Prior Action Complaint.) Payment under the Investment Banking Agreement is triggered by an "Extraordinary Transaction." (PX 1, ¶ 2.) The Extraordinary Transaction that EAG asserts entitles it to compensation was the acquisition of ASCO by Blue Point Capital Partners in March 2007 – long after entry of final judgment in the Prior Action. (See Burger Aff. ¶¶ 9-10.)

EAG's motion, however, misconstrues ASCO's intentions. As ASCO's opposition papers made clear, "ASCO will not argue that the Prior Action bars the claims in this action." (Dkt. No. 63: ASCO Opp. Br. at 1 n.1.) Rather, ASCO only intends to use the Prior Action Complaint (and other statements by EAG in the Prior Action) to support its argument that, before the Prior Action, EAG released ASCO and that that release bars this action. (See ASCO Opp. Br. at 1 & n.1.)[2]

Accordingly, EAG's motion in limine as to the Prior Action is DENIED.

---

[1] After judgment was entered in the Prior Action, I helped the parties negotiate a settlement involving time payments and a slight discount; no releases were involved. (See Burger Aff. ¶¶ 5-6 & Ex. C.)

[2] For example, EAG stated in the Prior Action Complaint that: "In consideration of . . . EAG releasing Klein and ASCO from any liability," the parties agreed to ASCO's payment of $498,000 in the Consulting Agreement. (DX V: Prior Action Complaint ¶ 12.)

## II.    EAG'S MOTION IN LIMINE AS TO A RELEASE

Apparently, despite EAG's admission in the Prior Action Complaint that EAG had agreed to release ASCO, no executed EAG release of ASCO appears to exist. (See ASCO Opp. Br. at 2-3.) Indeed, the Consulting Agreement itself states:

> 11. Release. Simultaneously with the execution of this [Consulting] Agreement, the parties hereto and Jeffrey Klein shall execute releases in the form attached as Exhibit A.

(PX 2: Consulting Agmt. ¶ 11.) Unfortunately, however, no releases – executed or unexecuted – are attached to the Consulting Agreement as Exhibit A. (See PX 2: Consulting Agmt.)

ASCO has offered as trial exhibits – and EAG has moved to preclude – various executed and unexecuted releases among all or some of EAG, Klein and ASCO. (DX J-P.) EAG states that "[i]t is undisputed that no executed release exists by which EAG released claims against ASCO. EAG disputes the suggestion that any release associated with the Consulting Agreement was to have been executed other than those releases that actually were executed." (Dkt. No. 51: Burger Aff. ¶ 12.) Because there is evidence that a release by EAG of ASCO was agreed to, and no executed copy exists, the Court DENIES EAG's motion in limine seeking to preclude admission of the draft releases.

EAG goes on to assert that "[a]ssuming, arguendo, . . . that the unexecuted releases relied upon by ASCO should have been executed, those releases do not bar EAG's claims in the instant action." (Dkt. No. 51: Burger Aff. ¶ 12; see also Dkt. No. 53: EAG Motion in Limine Br. at 3-4.) The unexecuted releases release claims "'arising out of and/or concerning the introduction by [EAG] of Jeffrey Klein and ASCO, and the business opportunity and/or business relationship that

ensued between Jeffrey Klein . . . and ASCO, except that this release does not release any claims, causes of action, etc. arising out of [the Consulting] Agreement. . . .'" (EAG Motion In Limine Br. at 4, quoting, e.g., DX J.)

The unexecuted releases clearly exclude the January 13, 2004 Consulting Agreement. The Investment Banking Agreement was executed on January 13, 2004, simultaneously with the Consulting Agreement. (PX 1-2.) Indeed, the Investment Banking Agreement provides that no retainer will be paid because "[t]he parties entered into [the Investment Banking Agreement] as part of a settlement and simultaneously with the Consulting Agreement, between [ASCO] and EAG, dated January 13, 2004." (PX 1: Investment Banking Agmt. ¶ 11.)

The prior settlement and the Consulting and Investment Banking Agreements clearly are closely intertwined. ASCO contends that the Investment Banking Agreement arose as a result of the Klein-ASCO relationship and that the release that was agreed to be and should have been executed serves to release claims under the Investment Banking Agreement. (See Dkt. No. 63: ASCO Opp. Br. at 7-8.) EAG, in contrast, states that this action is not based on the Klein-ASCO relationship and thus is not released. (Dkt. No. 53: EAG Motion in Limine Br. at 4.) By not excepting the Investment Banking Agreement from the terms of the (albeit unexecuted) release, as was done for the Consulting Agreement, ASCO has an argument that this action is barred by EAG's release. The Court will not preclude ASCO from making that argument at trial. EAG, however, points out that since the Consulting Agreement and Investment Banking Agreement were simultaneously executed, why would the parties "sign the investment banking agreement as an act of futility." (Dkt. No. 69: Burger Aff. ¶¶ 5-6.) The facts going to the interpretation of these

agreements are in dispute; the resolution of the matter must be, and is, left for the jury. EAG's motion in limine is DENIED.[3]

## CONCLUSION

For the reasons set forth above, EAG's motion in limine (Dkt. No. 51) and ASCO's cross-motion (Dkt. No. 62) are DENIED.

SO ORDERED.

Dated:     New York, New York
           April 10, 2008

                                    Andrew J. Peck
                                    United States Magistrate Judge

Copies **by fax & ECF** to:   David C. Burger, Esq.
                              Eric B. Fisher, Esq.

---

[3]    In opposing EAG's motion in limine, ASCO also cross-moved for leave to file a (late) summary judgment motion and for other related relief. (Dkt. No. 62.) The Court DENIES ASCO's cross-motion. Aside from being untimely, it is clear that there are disputed material issues of fact, including, inter alia, what releases were to be executed, the scope of any such EAG-ASCO release, and whether the Investment Banking Agreement sufficiently arises from the Klein-ASCO transaction as to be barred by the language of the (unexecuted) releases.